[Civ. No. 2574. Second Appellate District.—July 30, 1918.]

## CHARLES E. DONNATIN, Appellant, v. UNION HARDWARE & METAL COMPANY (a Corporation), Respondent.

NEGLIGENCE—VERDICT FOR ONE DOLLAR—IMPLIED FINDINGS.—In an action for damages for negligence, wherein the defendant alleged contributory negligence, a verdict for plaintiff for one dollar implied findings adverse to defendant upon the issue of its own negligence and plaintiff's alleged contributory negligence.

ID.—EFFECT OF IMPLIED FINDINGS—APPEAL.—In such an action, where the defendant failed to appeal or ask for a new trial, such implied findings must be deemed a final determination of such issues upon an appeal by the plaintiff from an order denying a motion to vacate the verdict in so far as it fixed the damage at one dollar.

ID.—INADEQUACY OF DAMAGES—NEW TRIAL.—In such an action, inadequacy of damages may constitute ground for granting a new trial of the case on its merits.

ID.—NEW TRIAL AS TO SINGLE ISSUE.—Where there has been an erroneous trial of a litigated issue, which is separable from other issues, in the trial of which there was no error, a new trial may be granted as to the specific issue affected by the error committed.

ID.—NEW TRIAL—DISCRETION—APPEAL.—An application for a new trial is addressed to the sound discretion of the court, and its ruling will not be disturbed on appeal unless abuse of discretion is affirmatively shown.

ID.—APPEAL—NEGLIGENCE—PRESUMPTION.—On an appeal from an order denying plaintiff's motion to vacate the verdict fixing the damage at one dollar and to grant a new trial as to such issue, it will be assumed, in the absence from the record of the evidence on the question of defendant's negligence, that the court did not consider that the defendant was negligent.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial as to issue of damage. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Horace S. Wilson, Frank G. Tyrrell, and W. W. Middlecoff, for Appellant.

John Murray Marshall and James S. Bennett, for Respondent.

SHAW, J.—Plaintiff, alleging that he was injured as the result of defendant's negligent operation of an automobile, sued to recover damages for such injuries.

The answer of defendant denied that it was guilty of negligence, alleged contributory negligence on the part of plaintiff, and denied that he suffered damage in any sum whatsoever. Upon the issues so joined the case was tried before a jury, which rendered a verdict in favor of plaintiff, wherein his damage was assessed at one dollar, and judgment was entered in accordance therewith.

In due time and pursuant to notice given, plaintiff moved the court to set aside and vacate that part of the verdict *only* wherein the jury fixed the amount of his damage at one dollar and grant him a new trial of the issue as to the damage sus-

tained as the result of defendant's negligence, which motion was based upon the ground that the sum so fixed was grossly inadequate, and that the evidence was insufficient to justify the verdict in so far as it was found that plaintiff's damage was one dollar and no more. The motion was made upon the minutes of the court, and all the evidence touching the issue as to damage *only,* omitting therefrom evidence as to other issues, is embodied in a statement thereof settled and allowed by the court and presented in support of the appeal prosecuted by plaintiff from the order of court denying the motion so made by plaintiff.

The verdict of the jury in favor of plaintiff implied findings adverse to the defendant upon the issue as to its own negligence and plaintiff's alleged contributory negligence. By its failure to appeal or ask for a new trial, these implied findings, if fairly made, must be deemed a final determination of such issues as fully as though defendant, after filing its answer, had stipulated to the facts so found. As to the amount of plaintiff's damage, the finding was likewise adverse to defendant, but plaintiff being dissatisfied therewith, asks that as to this finding or part of the verdict, it be set aside and a new trial granted as to such issue.

Assuming, as found by the jury, that defendant was legally liable therefor, the award of one dollar made to plaintiff as damage for the injury sustained is, upon the evidence presented, grossly inadequate, and there is no room for controversy as to the fact that inadequacy of damage in a suit of this character may constitute ground for the granting of a new trial of the case on its merits. It may likewise be conceded upon numerous authorities in this and other jurisdictions (see *Duff* v. *Duff,* 101 Cal. 4, [35 Pac. 437]; *San Diego Land etc. Co.* v. *Neale,* 78 Cal. 64, [3 L. R. A. 83, 20 Pac. 372]; *Lake* v. *Lake,* 18 Nev. 361, [4 Pac. 711, 7 Pac. 74]; *Simmons* v. *Fish,* 210 Mass. 563, [Ann. Cas. 1912D, 588, 97 N. E. 102]; *Doody* v. *Boston & M. R. R. Co.,* 77 N. H. 161, [Ann. Cas. 1914C, 846, 89 Atl. 487]), that where there has been an erroneous trial of a litigated issue which is disconnected and separable from other issues, in the trial of which it is made to appear there was no error, a new trial may be granted as to the specific issue affected by the error committed. "The guiding principle is that, although a verdict ought not to stand which is tainted with illegality, there ought to be but

one fair trial upon any issue, and that parties ought not to be compelled to try anew a question once disposed of by a decision against which no illegality can be shown." (*Simmons v. Fish, supra.*)

An application for a new trial in any case, however, is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed by an appellate court unless an abuse of such discretion is affirmatively shown. In the instant case the amount of one dollar awarded plaintiff as damages for the injuries sustained, if the facts were such as to render defendant legally liable therefor, is, upon the evidence presented, so grossly absurd that it furnishes convincing proof that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion that plaintiff should recover damages commensurate with the injuries sustained. It is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged, nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made. As shown by the evidence, there was no contest as to the extent of plaintiff's injuries; hence the real subject of the trial was the question of defendant's alleged negligence, as to which there was no justifiable verdict. Nevertheless the verdict rendered against defendant was so insignificant in amount that had it moved for a new trial, no action by any court, other than a denial of such motion, is conceivable. Hence it would work a grave injustice upon defendant to force it to a new trial of the issue as to damages only, with the issue as to liability, upon which no verdict other than in name had been rendered, forever closed against any inquiry. "An examination of all the evidence relating to the injury and its cause and the conduct of the plaintiff, as well as of defendant's agents, might show that it is so interwoven with that relating to damage that to fairly ascertain what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of 'splitting it up' between different judges and different juries." (*Norfolk*

*Southern R. Co.* v. *Ferebee,* 238 U. S. 269, [59 L. Ed. 1303, 35 Sup. Ct. Rep. 781].)

Every intendment must be indulged in support of the ruling made by the trial court. If in its opinion the evidence, considered as a whole, was of a character to clearly establish the fact that defendant was not guilty of negligence, and hence not liable for any damage (and in the absence from the record of all evidence touching the question of defendant's negligence, we must so assume), then it constituted no abuse of discretion for the court to deny plaintiff's motion for a new trial, made upon the ground of inadequacy of the amount awarded.

The order is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1918, and the following opinion then rendered thereon:

THE COURT.—The petition for transfer to this court, after judgment in the district court of appeal, is denied. It should be added that we do not understand the opinion of the district court of appeal to hold that a motion for a new trial of the issue of damages alone is authorized by our code. (Code Civ. Proc., sec. 657.) The verdict in a case of this kind may, for the purposes of such motion, be regarded as a single and indivisible entity. The power of the court to order a new trial on limited issues is well settled. It has discretion to order a new trial generally or only in part. Its discretion in this regard is properly invoked by a motion for a new trial of the entire case, and it may well be doubted whether this discretion can be circumscribed by means of a motion for a new trial of one issue alone. A determination of this question is, however, not essential to the decision of the present case, and we do not here determine it. In any view, the trial court may properly deny a limited new trial where it is of opinion, on the whole record before it, that substantial justice requires that a new trial, if granted at all, should cover all the issues. No such relief was sought here.