CATHERINE RILEY *vs.* CONSTANTINE TSAGARAKIS *et al.*

APRIL 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of trespass on the case for negligence brought by the widow of one Terence Riley to recover damages for his death which was caused by the alleged negligence of defendants' servant. At the first trial of the case a verdict was directed for the defendants. Plaintiff's exception to this action was sustained and a new trial was ordered (50 R. I. 62). The jury disagreed at the second trial. At the third trial in June, 1930, plaintiff had a verdict for $5,000. Thereafter defendants' motion for a new trial was denied and plaintiff's motion for new trial on the question of damages only was granted. The case is here on the bill of exceptions of the defendants.

The accident occurred July 14, 1927, on Broad street near the corner of Wentworth avenue in the city of Cranston. The deceased, an employee of the United Electric Railways Co., was one of a number of repair men who were working on the railway tracks on Broad street. As he was crossing to the easterly side of Broad street and when he was a few feet from the rear of one of the company's trucks, which

was parked near the curbing, he was struck and killed by defendants' automobile truck.

In our former opinion we decided that there was some evidence from which a jury might draw inferences that the deceased was in the exercise of due care, that defendants' servant was negligent and that therefore the case should be submitted to a jury.

The record of this case shows that on occasion both the trial justice and members of the jury have differed as to the correct conclusions to be drawn from the same evidence. No one actually saw the accident and the questions of defendants' negligence and of the due care of the deceased must be decided from the circumstantial evidence.

The evidence of the amount of damages was definite and uncontradicted. The deceased was fifty-five years old, with an expectancy of life of 17.58 years. After deducting his expenses for each year, the deceased had a net annual surplus of $1,031.16. In view of his expectancy of life, the amount of damages computed by the established rules of law would be about $11,000. In the argument in this court counsel for both parties agreed that if plaintiff was entitled to recover, the verdict should have been approximately for this amount. In his rescript the trial justice stated that the verdict did substantial justice on the question of defendants' liability but that the damages awarded were not in accord with the evidence and were inadequate. Defendants' motion was denied and plaintiff's motion for a new trial on the question of damages only was granted.

Defendants except to certain rulings on evidence, to certain statements by the trial justice during the trial with respect to the proceedings in and the results of previous trials, the granting of a new trial on the question of damages only and to the denial of the motion for a new trial on all the issues.

While the trial judge may grant a new trial on the question of damages, a party by moving for a new trial on the question of damages only can not restrict the court so

as to prevent the exercise of his judicial discretion in granting a new trial, to make it general instead of partial. *Clark* v. *N. Y., N. H. & H. R. R. Co.*, 33 R. I. 83. When it is impossible to try a case fairly without submitting the entire case to a jury, a new trial should not be granted on the question of damages only. *Morrell* v. *LaLonde*, 45 R. I. 112; *Sayegh* v. *Davis*, 46 R. I. 375.

Upon consideration of the evidence and the award of damages made by the jury, we are convinced that this verdict was the result of a compromise on the questions of liability and damages. The award of damages is inadequate and is inconsistent with the uncontradicted evidence in the case. In *Gartner* v. *Saxon*, 19 R. I. 461, this court, in considering a similar verdict, said that a jury had no right to express their disapproval of a plaintiff's claim by a compromise on the amount of the damages which no legitimate view of the evidence will warrant.

As, for the reasons stated, there must be a new trial, it is unnecessary to consider the other exceptions of defendants. Although the statements of the trial justice with respect to the results of previous trials may not in this instance be considered prejudicial error, we think such statements should not have been made: they were not necessary for the proper consideration of the issues to be decided and might have a tendency to improperly influence the verdict of the jury.

The exception of defendants to the granting of a new trial on the question of damages only is sustained; the exception to the refusal to grant a new trial on all the issues of the case is sustained.

The case is remitted to the Superior Court for a new trial.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for plaintiff.

*Greenough, Lyman & Cross, George Paul Slade, Voigt, Wright & Monroe,* for defendant.