SAN D. PADAYAO, RESPONDENT, v. H. CRAIG SEVERANCE, APPELLANT.

Argued February 20, 1936—Decided April 30, 1936.

For the appellant, *James Mercer Davis.*

For the respondent, *Isaiah Matlack.*

The opinion of the court was delivered by

LLOYD, J. The appeal is by the defendant from a judgment rendered against him in a malicious prosecution case. There were two trials, one on the whole case, and a second on damages alone, a rule for new trial having been taken by the defendant based on the weight of evidence and the damages, and a limited retrial directed.

The second trial resulted in a large verdict for the plaintiff. Errors alleged involve principally the proceedings at the first trial when liability was established.

The first of these is that the judge erroneously charged the jury as follows: "In order that he [the plaintiff] may maintain such an action it must appear, as undoubtedly it does appear, that the prosecution against him was instituted without reasonable or probable cause, and that the defendant was activated by a malicious motive."

It was clearly an issue of fact under the evidence whether there was probable cause for the arrest and imprisonment of the plaintiff and for the judge to charge the jury that there was a want of probable cause was the assumption of a power which was wholly within the province of that body. To establish a cause of action in malicious prosecution want of

probable cause is an essential element (*Weisner* v. *Hansen,* 81 *N. J. L.* 601), and where the evidence is in conflict, as it clearly was in the present case, determination of the fact must rest with the jury.

Respondent argues that the question was left open to the jury in other parts of the charge. We do not find this to be the fact, and even if it were it would not relieve from the erroneous instruction inasmuch as it would still leave the jury to determine for itself which was the correct rule to follow. To clear up this dubious situation it was incumbent on the judge to distinctly withdraw that which was error and substitute therefor a correct statement of the law. *State* v. *Underdown,* 107 *N. J. L.* 486.

There was error also in the part of the charge where the judge said: "Therefore he found himself with a possible lawsuit against him for injuries to the two young women in the car at the time, and so apparently he consulted the prosecutor of the pleas." There was a possible inference from the evidence that the defendant was concerned about injuries which had happened to two girls in the car, and also in a possible liability which might accrue to himself, but this also was not for the judge to determine, and the statement was a grave invasion of the jury's function. It was an impugnment by the judge of the motive for the prosecution, and if not justified was calculated to unfairly influence the minds of the jurors against the defendant.

We think also that the trial judge should not have granted a retrial on damages alone. The damages claimed and submitted to the jury by the judge were both compensatory and punitive. The proofs at the trial showed that the plaintiff had been arrested at the instance of the defendant and lodged in jail where he was detained for a period of eleven days. The verdict on the first trial was in the sum of $150 for the plaintiff, grossly inadequate in either aspect of the case if liability be assumed. On the second trial a verdict of $3,000 for the plaintiff was rendered.

The verdict in the first instance strongly suggested that there was substantial doubt in the minds of the jury of any

right of action, and this alone should have suggested to the trial judge the impropriety of a retrial based on damages only. The element of punitive damages, however, made it impossible for the jury on the second trial to give an adequate appraisal of the merits of the plaintiff's claim on this head without the proofs to establish liability being again presented.

The judgment is reversed, and a *venire de novo* awarded with the retrial upon all of the issues involved.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.