[Civ. No. 1866.   Fourth Appellate District.—April 19, 1938.]

RAY WALLACE, Respondent, v. JOE MILLER, Appellant.

Farnsworth, Burke & Maddox and James K. Abercrombie for Appellant.

Russell & Heid for Respondent.

MARKS, J.—This is an action to recover damages to property and for personal injuries resulting from a collision of two automobiles on a public highway of Tulare County on January 24, 1936. The jury awarded plaintiff damages in the sum of $120.25. He moved for a new trial. His motion was granted and a new trial ordered on the question of damages only. Defendant has appealed from this order.

The only question presented on this appeal is whether or not the trial judge abused his discretion in granting a new trial on the question of damages alone instead of granting a new trial generally.

It is admitted that the damages awarded were entirely inadequate. $120.25 was the amount of plaintiff's hospital, doctors and other bills connected with healing his injuries. While defendant denied liability, he did not dispute the correctness of those charges. It was stipulated that plaintiff's automobile was damaged in the sum of $203.64. He also suffered personal injuries. If he was entitled to recover at all he should have been awarded special damages in the sum of $323.89, concerning the amount of which there was no dispute, in addition to general damages in an amount sufficient to compensate him for his personal injuries.

The evidence on the question of negligence of the two drivers and the proximate cause of the accident was in sharp conflict. That offered by plaintiff, if accepted as true, was sufficient to prove that the negligence of defendant was the proximate cause of the accident. Evidence of about equal strength offered by defendant placed the sole blame for the accident on the driver of plaintiff's car. It is impossible to harmonize the two conflicting theories of the cause of the collision.

█ It is admitted by counsel for both parties that the trial judge is given a wide discretion in granting a new trial on the ground of insufficiency of the evidence to justify the verdict and the judgment entered upon it. It is also generally true that this discretion having been exercised and a new trial having been granted, an appellate court will not reverse the order where there is a substantial conflict in the evidence.

The foregoing rules are based on the rule that conflicts in the evidence are addressed to the triers of fact—in the first instance to the jury and in the second to the trial judge on motion for new trial. The rule assumes that the triers of fact have weighed the evidence and have found the defendant guilty of negligence that proximately caused the accident. This having been done, an appellate court will not reverse the judgment merely because of conflicts in the evidence.

█ Another situation is presented when it affirmatively appears from the record that nine of the jurors could not have agreed that the defendant was guilty of negligence which proximately caused the accident; that those jurors who conscientiously believed that defendant was not negligent departed from their beliefs while they entertained them and agreed to bring in a verdict for the plaintiff in a small and inadequate amount merely for the purpose of closing the case. Under such circumstances, the primarily important question, namely the negligence of defendant, was not determined by the jury. It has been held that under such circumstances the trial judge should grant a new trial on all issues and that his failure to do so is an arbitrary refusal to exercise a reasonable discretion. (See *Murray* v. *Krenz*, 94 Conn. 503 [109 Atl. 859]; *Southern Pac. Co.* v. *Gastelum*, 36 Ariz. 106 [283 Pac. 719]; *Davis* v. *Whitmore*, 43 Ariz. 454 [32 Pac. (2d) 340]; *Reay* v. *Beasley*, (Ariz.) 66 Pac. (2d) 1043; *Riley* v. *Tsagarakis*, 53 R. I. 261 [165 Atl. 780]; *Munden* v. *Johnson*, 102 W. Va. 436 [135 S. E. 832]; *W. T. Grant Co.* v. *Tanner*, 170 Tenn. 451 [95 S. W. (2d) 926]; *Padayao* v. *Severance*, 116 N. J. L. 385 [184 Atl. 514]; *James Turner & Sons* v. *Great Northern Ry. Co.*, 67 N. D. 347 [272 N. W. 489]; *Schuerholz* v. *Roach*, 58 Fed. (2d) 32; *Simmons* v. *Fish*, 210 Mass. 563 [97 N. E. 102, Ann. Cas. 1912D, 588].)

This question was before the court in the case of *Bencich* v. *Market St. Ry. Co.*, 20 Cal. App. (2d) 518 [67 Pac. (2d) 398]. In that case the jury returned a verdict in plaintiff's favor in the sum of $5,000. Plaintiff's doctors, hospital and other such bills amounted to $2,423.37. His loss of compensation amounted to $3,441.72. He was seriously and permanently injured. The trial judge denied plaintiff's motion for new trial. Plaintiff appealed and sought a new trial on the question of damages only. In disposing of this issue the court said:

"The plaintiff has requested a new trial upon the issue of damages alone. He is entitled to such new trial upon that issue, but the question of limiting it to that issue alone is a very serious one. A limited new trial should not be granted where substantial justice requires that a new trial, if granted at all, should cover all the issues. (*Donnatin* v. *Union Hardware & Metal Co., supra,* at p. 12 (38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845]).) The verdict of the jury which found, in effect, that defendants were guilty of negligence and that plaintiff was free from contributory negligence and yet allowed damages which were grossly inadequate, furnishes convincing proof as said in the Donnatin case, *supra,* page 11, 'that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion that plaintiff should recover damages commensurate with the injuries sustained. It is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged' (or, in our case, the additional issue that plaintiff was guilty of contributory negligence), 'nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made . . . It would work a grave injustice upon defendant to force it to a new trial of the issue as to damages only, with the issue as to liability, upon which no verdict other than in name had been rendered, forever closed against inquiry.' Just how much the jury was influenced by the instructions upon imputed negligence it is impossible to say. It may well be that the jury did not believe there was any contributory negligence upon the part of the plaintiff, but some jurors

might also have believed, under the evidence, that the driver of the apparatus was negligent and that his negligence as a matter of law should be imputed to plaintiff, and in this mistaken belief they might have surrendered their convictions as to the amount of damages they should award. On the other hand, it is possible, under the evidence, that some of the jurors believed that the driver was negligent and that plaintiff contributed proximately to the accident by, with knowledge of such negligence on the part of the driver and of the conditions constituting such negligence, failing to warn the driver or persuade him to stop or slow up, and such jurors surrendered their convictions in this behalf in exchange for a verdict for low damages. In view of this uncertainty and the fact that clearly something other than the evidence on the question of damages must have actuated the jury, or some of them in arriving at such a low verdict, substantial justice requires that (as said in the Donnatin case, *supra*, p. 11), ' . . . what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of "splitting it up" between different judges and different juries.' . . . '' (See, also, *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845], where the same rule is announced.)

When we apply the rules which have heretofore been announced to the facts before us the conclusion is inevitable that nine jurors did not agree on the most important questions of defendant's negligence and its proximate cause of the collision. There is no other explanation for the inadequate verdict, unjust to plaintiff, had there been an agreement on defendant's liability. If the jurors had agreed on defendant's liability their verdict should have included $120.25 expended by plaintiff for care of his injuries. The correctness of this amount was not disputed. It should also have included $203.64 spent for the repair of his car, the correctness of which amount was stipulated. In addition to these amounts the verdict should have included an award of general damages, for plaintiff was injured in the accident. From these facts ''it is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged, nevertheless agreed to surrender their views in consideration of other jurors consenting to the

trifling award made". (*Donnatin* v. *Union Hardware & Metal Co., supra.*) It follows that as the question of the liability of defendant was not determined by the jury a general order granting a new trial should have been made. The case should be retried on all issues.

We find nothing in the case of *Tripcevich* v. *Compton*, 25 Cal. App. (2d) 188 [77 Pac. (2d) 286], that necessarily conflicts with the conclusions we have reached. The court there merely held that on the record before it the trial judge did not abuse his discretion in granting a new trial on the question of damages only.

As far as appears from that opinion the damages awarded were general and there were no special damages involved, especially special damages concerning the amount of which there was no controversy. Setting the amount of general damages involves an exercise of a rather broad discretion on the part of the triers of fact in reaching a just conclusion as to the amount that will compensate an injured party for the loss suffered. This is a question upon which there is often, we might be justified in saying, frequent, divergence of honest opinion in cases where there might be no difference of opinion on the question of liability. While the amount of general damages awarded should always have a reasonable relation to the loss suffered, there of necessity can be no fixed rule of the exact measure of general damages to be awarded for somewhat similar injuries. The facts of each case and the sound discretion of the triers of fact should be permitted to govern the award of general damages in practically all cases. It is only in a case where the amount of the award of general damages is so disproportionate to the injuries suffered that the result reached may be said to shock the conscience, that an appellate court will step in and reverse a judgment because of greatly excessive or grossly inadequate general damages.

In the Tripcevich case the amount of general damages awarded does not necessarily indicate a disagreement on the question of liability and a compromise verdict without an agreement on that question. There being an agreement among the jurors on liability that portion of the judgment might well be permitted to stand undisturbed. A trial judge should always exercise a reasonable control over verdicts and if he believes the amount of damages awarded seriously in-

adequate he should grant a new trial on the question of damages alone. This is what was done in the Tripcevich case and the appellate court merely held that there was no abuse of discretion on the part of the trial judge in the course he followed.

The order appealed from is reversed with directions to the trial court to grant plaintiff's motion for a new trial without limitation and to retry the case on all issues.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1938.