[Civ. No. 1897. Fourth Appellate District.—May 18, 1938.]

MYRTLE ZELLER, Respondent, v. G. W. REID et al., Appellants.

Bradley & Bradley and Bronson, Bronson & McKinnon for Appellants.

Halbert & Stone for Respondent.

MARKS, J.—This is an appeal from an order granting a motion for new trial on the question of damages only. In this opinion we will refer to the respondent as the plaintiff, and to the appellants as the defendants.

Plaintiff was the mother of Harold William Lamb, who died on November 11, 1934, as the result of an automobile accident which happened on November 9, 1934. At the time of his death Harold was over the age of eighteen years.

In 1923 plaintiff was the wife of Arthur O. Lamb. The couple resided in Pleasantville, Ohio, with their four minor children, one of whom was Harold. Arthur O. Lamb died

in 1923. Plaintiff remarried in 1930, and, with her husband, continued to reside in Pleasantville, Ohio, until the trial of this action.

In 1924, Clarence R. Lamb, brother of Arthur O. Lamb, with the consent of plaintiff, brought Harold and his brother Richard Henry Lamb to live with him in Tulare County, California. The two boys continued to reside with their uncle up to the time of the death of Harold.

Under date of August 30, 1928, Clarence R. Lamb and plaintiff entered into a written contract wherein it was agreed that the two boys should continue to live with their uncle until each had reached his majority; that the uncle, Clarence R. Lamb, should, at his own expense, provide them with a home, support, maintenance and education; that he should be entitled to their services. He further agreed to make certain payments for the benefit of plaintiff and the four children. These need not be detailed here.

During the time elapsing between the date of the written contract and Harold's death he and his mother had exchanged visits three or four times. It is admitted that Harold had not contributed anything toward the support of his mother.

After the accident Harold was taken to a hospital, where he was given surgical, medical and hospital attendance, and where he died. Clarence R. Lamb paid all the hospital, nursing and medicine bills as well as the funeral expenses for Harold. At the time of the trial he had not paid the doctors' bills of $500 for the care of Harold's injuries following the accident. The bills were rendered to him.

It must be admitted that under the contract between plaintiff and Clarence R. Lamb the latter was liable for all the expenses of Harold resulting from the accident. It is also clear that he was entitled to the services and earnings of Harold during his minority. By the contract plaintiff surrendered to Clarence R. Lamb her custody and control of Harold and Richard and her right to the benefit of their services in consideration of Clarence's support and maintenance of Harold and his brother and the making of certain payments to her or for her benefit.

At the conclusion of the trial the jury returned a verdict in plaintiff's favor for $1,000. In announcing the verdict the foreman added the following: ''With the understanding that Five Hundred Dollars ($500.00) of this was to go for

the doctor bills." It does not appear that this was a part of the formal verdict.

Plaintiff moved for a new trial on all statutory grounds. The trial judge made the following order:

"Plaintiff's motion for a new trial in this action having been heretofore submitted to the court for consideration and decision, and the court, having duly considered the law and being fully advised in the premises, orders that said motion for a new trial be and the same is hereby granted as to the issues and adequacy of damages only, on the grounds of the insufficiency of the evidence to sustain the verdict rendered herein."

Defendants admit that if plaintiff is entitled to recover at all she is entitled to nominal damages for the death of her son. They argue that the verdict for $1,000 must be construed to be nominal damages and should have been allowed to stand. As an alternative they argue that the verdict for $1,000 indicates a compromise on the part of some jurors wherein there was no agreement on the question of negligence of defendants and contributory negligence of Harold, under which circumstances the new trial should have been granted generally, if at all, and not as to damages only.

This action was brought under the authority of section 376 of the Code of Civil Procedure. In such a case "such damages may be given as under all the circumstances of the case may be just". (Sec. 377, Code Civ. Proc.) Such damages are limited to the pecuniary loss suffered by the plaintiff. No award can be made for grief or wounded feelings but may include "a pecuniary loss arising from the deprivation of the 'society, comfort, and protection' of the decedent". (*Griffey* v. *Pacific Elec. Ry. Co.,* 58 Cal. App. 509 [209 Pac. 45].) See, also, *Bond* v. *United Railroads of San Francisco,* 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]; *Powers* v. *Sutherland Auto Stage Co.,* 190 Cal. 487 [213 Pac. 494]; *Diller* v. *Northern Cal. Power Co.,* 162 Cal. 531 [123 Pac. 359, Ann. Cas. 1913D, 908]; *Ure* v. *Maggio Bros. Co., Inc.,* 24 Cal. App. (2d) 490 [75 Pac. (2d) 534.] In *Dickinson* v. *Southern Pac. Co.,* 172 Cal. 727 [158 Pac. 183], it was said:

"But in fixing the amount, the jury is always bound by the fundamental rule that *pecuniary* damage is the limit of recovery, and the amount allowed must bear some reasonable relation to the pecuniary loss shown by the evidence."

When we compare the amount of the recovery in this case with the pecuniary loss suffered and proved by plaintiff, we cannot regard the award of $1,000 as only nominal damages. Under the evidence it is a very substantial award. The plaintiff had received nothing from the earnings of her son and there is nothing in the evidence to indicate that she had any reasonable ground for expecting any financial assistance from him. Their contacts in the ten years preceding his death had been confined to correspondence and three or four visits. While the trier of fact is vested with the primary duty of fixing the amount of damages that would be reasonable, it is obvious that a large award could not be supported by the evidence before us.

Defendants argue that as the trial judge granted a new trial "as to the issues and adequacy of damages only, on the grounds of the insufficiency of the evidence to sustain the verdict rendered herein", we must conclude that he regarded the award inadequate. It is not necessary to put any such construction on the order. It is just as reasonable to conclude from the language used in the order and from the facts of the case, that the trial judge regarded the judgment as excessive and coming within the rule announced in the case of *Cossi* v. *Southern Pac. Co.,* 110 Cal. App. 110 [293 Pac. 663], where a verdict of $1 for the death of a minor son was sustained, where it was proved that the plaintiff had been separated from the son for a considerable time and had only seen him once during the separation.

We can find nothing in the evidence that would force the conclusion that the verdict in this case was the result of a compromise on the part of the jurors or indicating that some of them had surrendered their views on the questions of the negligence of defendants and the contributory negligence of Harold merely for the purpose of bringing in a small verdict under the rules announced in *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845], *Bencich* v. *Market Street Ry. Co.,* 20 Cal. App. (2d) 518 [67 Pac. (2d) 398], and *Wallace* v. *Miller, ante,* p. 55 [78 Pac. (2d) 745]. Rather it falls within the rule adhered to in *Tripcevich* v. *Compton,* 25 Cal. App. (2d) 188 [77 Pac. (2d) 286]. The two lines of decisions are not conflicting and can be readily harmonized. (See *Wallace* v. *Miller, supra.*) Under the rule of the Tripcevich case the

trial judge exercised a reasonable discretion in granting a new trial on the question of damages only.

The order is affirmed.

Barnard, P. J., and Jennings, J., concurred.