[Civ. No. 11802.   First Dist., Div. One.   Apr. 22, 1942.]

GRACE HUGHES et al., Respondents, v. ALFRED SCHWARTZ, Appellant.

Bronson, Bronson & McKinnon for Appellant.

Nichols & Richard, James F. Hoey and Leonard J. Dieden for Respondents.

PETERS, P. J.—Plaintiffs, who are the widow and children of Fay Edward Hughes who was killed by an automobile driven by defendant, brought this action for his wrongful death. The trial resulted in a unanimous jury verdict in favor of plaintiffs in the sum of $1,250. Plaintiffs moved for a new trial on the issue of damages alone. Defendant made no motion for a new trial. The trial court granted a new trial on the issue of damages alone, the order reciting that: "The amount of the award being grossly inadequate, the Court finds that said new trial [on the issue of damages] shall be granted upon the ground of the insufficiency of evidence to justify the verdict." From this order defendant prosecutes this appeal.

Appellant concedes that on the issue of liability the evidence was conflicting, and that the evidence supports the implied findings that defendant was negligent and that the deceased was free from contributory negligence. It is further conceded that the verdict was inadequate. The sole point urged is that the record shows, as a matter of law, that the verdict was the result of a compromise among the jurors on the issue of liability, and that in such a situation the granting of a new trial on the issue of damages alone is erroneous. Stated another way, appellant urges that the only possible explanation of the inadequate verdict is that less than the required nine jurors agreed on the issue of liability, but, finally, compromised with the other jurors the issue of liability by awarding grossly inadequate damages.

■ The law is well settled that the trial court exercises a broad discretion in granting a new trial on the ground of inadequacy of the damages awarded, and that its order granting a new trial on that ground will not be disturbed in the absence of a showing of abuse of discretion. (*Minor* v. *Foote,* 100 Cal. App. 441 [280 Pac. 197]; *Cunha* v. *Lewis,* 31 Cal. App. (2d) 1 [76 P. (2d) 1198]; *Peri* v. *Culley,* 119 Cal. App. 117 [6 P. (2d) 86].) ■ By section 657 of the Code of Civil Procedure the trial court, in a proper case, is empowered to grant a new trial on the sole issue of damages, and its order so limiting the new trial, when predicated on

the insufficiency of the verdict, is subject to attack solely on the ground of abuse of discretion. (*Sanford* v. *Wilcox,* 13 Cal. App. (2d) 193 [56 P. (2d) 548]; *Cox* v. *Tyrone Power etc., Inc.,* 49 Cal. App. (2d) 383 [121 P. (2d) 829].) These principles are not challenged by appellant. He urges, however, that if it appears that the verdict was the result of a compromise on the issue of liability, it is an abuse of discretion to limit the new trial to the issue of damages. In this connection he places his main reliance on *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845]; *Bencich* v. *Market St. Ry. Co.,* 20 Cal. App. (2d) 518 [67 P. (2d) 398], and *Wallace* v. *Miller,* 26 Cal. App. (2d) 55 [78 P. (2d) 745].

In the Donnatin case, *supra,* the verdict in a personal injury action was for plaintiff in the sum of one dollar. Plaintiff moved for a new trial on the issue of damages, which was denied. On appeal it was contended that the cause should be reversed for a new trial on the issue of damages. The appellate court upheld the action of the trial court in denying the limited motion for a new trial on the ground that the only reasonable explanation of the one dollar verdict was that such verdict was the result of a compromise. In so holding the court stated (p. 11): "In the instant case the amount of one dollar awarded plaintiff as damages for the injuries sustained, if the facts were such as to render defendant legally liable therefor, is, upon the evidence presented, so grossly absurd that it furnishes convincing proof that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion that plaintiff should recover damages commensurate with the injuries sustained. It is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged, nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made." It was held that under such circumstances it would have been error to have limited a new trial to the issue of damages alone.

The Bencich case, *supra,* also involved an action for personal injuries. The jury brought in a verdict for $5,000.

Plaintiff moved for a new trial, which motion was denied. On this appeal he contended that the damages were inadequate and that the case should be reversed for a new trial on the issue of damages alone. The appellate court held that the judgment had to be reversed because of the inadequacy of damages, but also held that under the facts and *in the exercise of its discretion* it would not limit the new trial. In so holding the court pointed out that in addition to very serious personal injuries, the plaintiff had paid out for nursing, X-rays, laboratory and physicians' fees $2,423.37 and had lost compensation of $3,441.72. Thus, the special damages, plus loss of compensation, exceeded the amount of the award. The court predicated its conclusion that the new trial should not be limited partly on the reasoning of the Donnatin case, *supra,* and partly on the fact that certain confusing instructions had been given, and concluded as follows (p. 529) : "In view of this uncertainty and the fact that clearly something other than the evidence on the question of damages must have actuated the jury, or some of them in arriving at such a low verdict, substantial justice requires that (as said in the Donnatin case, *supra,* p. 11), '. . . what is just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of "splitting it up" between different judges and different juries.' "

*Wallace* v. *Miller, supra,* was an action for personal injuries where the special damages amounted to $323.89 and the jury awarded the plaintiff the sum of $120.25. The plaintiff moved for a new trial on all issues. The trial court ordered a new trial on the issue of damages alone. It was held that under the facts it was an abuse of discretion to have limited the new trial to the sole issue of damages, and a new trial was ordered on all issues. In so holding the appellate court recognized that the trial judge has a wide discretion in granting new trials on the ground of insufficiency. It then discussed the limitation on that rule as follows (p. 57) : "Another situation is presented when it affirmatively appears from the record that nine of the jurors could not have agreed that the defendant was guilty of negligence which proximately caused the accident; that those jurors who conscientiously believed that defendant was not negligent departed from their beliefs while they entertained them and agreed to bring in a verdict for the plaintiff in a small and inadequate

amount merely for the purpose of closing the case. Under such circumstances, the primarily important question, namely the negligence of defendant, was not determined by the jury. It has been held that under such circumstances the trial judge should grant a new trial on all issues and that his failure to do so is an arbitrary refusal to exercise a reasonable discretion.'' After quoting from the Bencich case, *supra,* and citing the Donnatin case, *supra,* the court applied the rule as follows (p. 59): ''When we apply the rules which have heretofore been announced to the facts before us the conclusion is inevitable that nine jurors did not agree on the most important questions of defendant's negligence and its proximate cause of the collision. There is no other explanation for the inadequate verdict, unjust to plaintiff, had there been an agreement on defendant's liability. If the jurors had agreed on defendant's liability their verdict should have included $120.25 expended by plaintiff for care of his injuries. The correctness of this amount was not disputed. It should also have included $203.64 spent for the repair of his car, the correctness of which amount was stipulated. In addition to these amounts the verdict should have included an award of general damages, for plaintiff was injured in the accident. From these facts 'it is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged, nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made.' (*Donnatin* v. *Union Hardware & Metal Co., supra.*) It follows that as the question of the liability of defendant was not determined by the jury a general order granting a new trial should have been made. The case should be retried on all issues.''

It will be observed that in the Donnatin case the jury, in effect, awarded no damages. The action of the trial court in refusing to grant a limited new trial was affirmed. In the Bencich case the damages awarded were less than the special damages and loss of compensation suffered by plaintiff. The appellate court reversed the court's action in refusing to grant a new trial, but, in the exercise of its discretion, refused to limit the new trial. In the Wallace case the award was less than the amount of special damages. ■ These cases undoubtedly impose a limitation on the discretionary power of the trial court to grant a limited new trial. But the extent

of that limitation is simply that where no award at all is made for general damages the only possible explanation is that the jurors compromised the issue of liability, and it is error to limit the new trial to the issue of damages alone. But where, as in the instant case, a substantial but inadequate award of general damages is made, the question as to whether the new trial should be limited rests within the discretion of the trial judge. The cases hereafter discussed so hold.

*Sassano* v. *Roullard*, 27 Cal. App. (2d) 372 [81 P. (2d) 213], was decided by the same court and the decision was written by the same judge that had written the Wallace case, *supra*. In discussing the proper rule the court stated (p. 376) : "Since the decision of *Bencich* v. *Market St. Ry. Co.* [20 Cal. App. (2d) 518 (67 P. (2d) 398)], *supra*, it has been frequently argued that verdicts were the results of compromises on the part of jurors. We have had occasion to observe that where, as in the Bencich case, special damages proved were admittedly in excess of the amount of the verdict rendered, there was strong evidence of a compromise on the part of certain jurors who did not believe that any verdict should have been returned in favor of plaintiff. (*Wallace* v. *Miller*, 26 Cal. App. (2d) 55 [78 P. (2d) 745].) On the other hand, where the general damages awarded were small, but to a certain extent compensatory, no such conclusions follow. (*Tripcevich* v. *Compton*, 25 Cal. App. (2d) 188 [77 P. (2d) 286] ; *Zeller* v. *Reid*, 26 Cal. App. (2d) 421 [79 P. (2d) 449].) It may be very generally stated that where general damages alone are involved an appellate court should be slow to conclude that a verdict is a result of a compromise simply because the amount of the award is small. Instead, it should generally govern its actions by those rules we have already set forth concerning grossly excessive or grossly inadequate verdicts." (See, also, *Gates* v. *Wendling Nathan Co.*, 27 Cal. App. (2d) 307 [81 P. (2d) 173], where the same court discussed the proper rule in substantially similar language.)

The identical problem with that involved in the instant case was recently considered by the Second Appellate District, Division Three, in *Cox* v. *Tyrone Power etc., Inc., supra* (hearing denied by the Supreme Court March 27, 1942). The action was for serious personal injuries alleged to have been caused by the negligence of defendant. The jury brought in a verdict of $1,250. The plaintiff had incurred special dam-

ages of $811. Thus, the award of general damages was $439. Both plaintiff and defendants moved for a new trial, plaintiff's motion being limited to the issue of damages alone. The trial court denied defendants' motion and granted the limited motion of plaintiff. Defendants urged that under the rule of the Donnatin, Bencich and Wallace cases, *supra,* the totally inadequate award had to be conclusively presumed to have been the result of a compromise, and that therefore it was an abuse of discretion to have granted a limited new trial. In disposing of this contention Presiding Justice Schauer stated (p. 390):

"While the evidence amply supports the conclusion that the damages awarded were inadequate, we do not find that it is such as to justify us in concluding, contrary to the trial judge, that the jury *compromised the question of negligence* by its inadequate award of damages. Such a conclusion on this record would be more speculative than inferential. The verdict here was for $1,250 in response to plaintiff's claim for $450 doctors' bills, $361 hospital bill, and general damages. The items for the doctors and the hospital were not disputed, but the extent of the injuries was seriously contested. The verdict not only awards recovery for all the special damages but includes $439 for general damages. That the general damage award is disproportionately small seems obvious and its inadequacy is the basis for the new trial order. But that merely because we regard the award as too low we must also infer that jurors stultified themselves by bargaining inadequate damages for unjustified liability is a *non sequitur.*

"If such a conclusion is to be reached it must be supported by further circumstances.

"... The conclusion which appears most reasonable to us from consideration of the entire record is that the jury correctly determined the issues of negligence and contributory negligence and that the granting of plaintiff's motion for a new trial solely on the issue of damages was within the discretion of the trial judge, who, as well as the jury, heard the evidence. Defendants suggest that (as asserted in the case of *Zeller* v. *Reid* (1938), 26 Cal. App. (2d) 421, 425-426 [79 P. (2d) 449]) the cases of *Donnatin* v. *Union Hardware & Metal Co.* (1918), [38 Cal. App. 8 (175 Pac. 26, 177 Pac. 845)], *supra; Bencich* v. *Market Street Railway Co.* (1937), 20 Cal. App. (2d) 518 [67 P. (2d) 398]; and *Wallace* v.

*Miller* (1938), 26 Cal. App. (2d) 55 [78 P. (2d) 745], are not necessarily inconsistent with *Tripcevich* v. *Compton* (1938), *supra.* Regardless of any question of harmony among these decisions, we believe that the case before us is more akin to the case last cited and to *Zeller* v. *Reid, supra,* than to the others. Certainly we find no factual basis impelling us to hold that the order as made constituted an abuse of discretion, and we do not interpret any of the cited cases as requiring such a holding on the record before us.''

This holding seems to us conclusive in the present case. In the instant case plaintiffs proved no special damages at all. The verdict was for $1,250 general damages. Although obviously inadequate, such award is by no means nominal. We cannot say, as a matter of law, that such verdict, simply because of inadequacy, was the result of a compromise.

Appellant urges, however, that there are other circumstances in addition to the inadequacy of the verdict that tend to show that the verdict must have been the result of a compromise. It is pointed out first, that the question of liability was contested, second, that three prior juries had disagreed, and third, that the record shows that the verdict was the result of coercion on the part of the trial judge. It is urged that when these contentions are considered with the admitted inadequacy of the verdict, the conclusion is inevitable that such verdict was the result of a compromise. This contention is without merit. ▮ So far as the first point urged is concerned, although it is true that on the issue of liability the evidence is conflicting, and that that issue was hotly contested, it is admitted that the evidence supports the implied findings adverse to appellant. Appellant did not move for a new trial. Under such circumstances the proper rule is stated in the Donnatin case, *supra,* as follows (p. 10) : ''The verdict of the jury in favor of plaintiff implied findings adverse to the defendant upon the issue as to its own negligence and plaintiff's alleged contributory negligence. By its failure to appeal or ask for a new trial, these implied findings, if fairly made, must be deemed a final determination of such issues as fully as though defendant, after filing its answer, had stipulated to the facts so found.''

▮ The second point urged is equally without merit. Although it appears that three prior juries had disagreed, the point is that the present jury unanimously agreed on the issues presented to it. The correctness of its conclusions cannot be

challenged because of what other juries may have done. What prior juries may have done is entirely immaterial on this appeal. This point could have been, and undoubtedly was, urged when the motion for a new trial was argued. The trial judge knew the facts, and his determination that this factor was immaterial cannot be disturbed on appeal.

█ The third point urged requires but scant mention. Appellant points out that the record shows that the jury received the case at 3:10 p. m.; that at 11:00 p. m. they advised the court that "innumerable ballots" had been taken but that they could not agree; that the court then ascertained that they stood eight to four; that the court then sent them back for further deliberations; that at 12:15 a. m. coffee and sandwiches were sent in; that at 1:00 a. m. the jury was locked up for the night. The verdict was rendered at 10:35 a. m. that morning, and was unanimous. The court, counsel and the jurors engaged in some jocularity which appellant now seeks to distort into impatience, importunity and coercion on the part of the court. The trial court has a wide discretion in determining the length of time that a jury may deliberate before discharging them. There was no abuse of discretion in the instant case.

We, therefore, conclude that, taken singly or collectively, the various factors urged by appellant do not, as a matter of law, demonstrate that the verdict was the result of a compromise. It is equally tenable to infer that the jury misapplied or misinterpreted the instructions on damages, and that the long disagreement was on this issue. We cannot infer that some of the members of the jury stultified themselves by improperly compromising the issue of liability by agreeing to an inadequate award. Under such circumstances it was within the discretion of the trial judge to limit the trial to the issue of damages alone.

The order appealed from is affirmed.

Ward, J., and Murphy (E. P.), J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1942. Edmonds, J., voted for a hearing.