[Civ. No. 13410.   Second Dist., Div. One.   May 8, 1942.]

THOMAS B. KEOGH, Respondent, v. CHARLES V. MAULDING, Appellant.

Joseph A. Ball for Appellant.

Carroll M. Counts for Respondent.

DORAN, J.—In this action for damages for personal injuries, plaintiff was awarded damages by the jury in the total sum of $1,000. Plaintiff moved for a new trial, but only "as to the measure of damages alone because of the inadequacy of the verdict." Said motion was granted. The order was as follows: "It is hereby ordered and decreed that a new trial be and is hereby granted to the plaintiff on the single issue of the measure of damages. Said order is granted on the ground of the insufficiency of the evidence to sustain the amount of the verdict."

Defendant appeals and the sole issue involved is whether the court, in granting a new trial, on the issue of damages alone, abused it discretion.

Plaintiff while walking across the street at an intersection was struck by an automobile driven by defendant. Each attributed the accident to the fault of the other. Aside from plaintiff and defendant, there were no eyewitnesses to the accident. Several witnesses, however, who saw and talked to plaintiff immediately following or soon after the accident, testified that he was under the influence of intoxicating liquor.

Special damages amounted to the sum of $708.77, itemized as hospital, medical bills, etc. However, at the time of trial, plaintiff had not recovered from the injuries received in the accident, and it is undisputed that the injuries are permanent. The tibia and fibula had been fractured, and the tibia, which had failed to unite, required further surgery of a major character.

It is conceded by appellant that a new trial should have been granted; that if plaintiff were entitled to damages at all, the award of $1,000 was grossly inadequate. But, it is contended, the inadequacy of the damages awarded indicates that the verdict was the result of a compromise and that to retry the cause on the issue of damages alone, would be highly prejudicial.

That the trial court has the power to grant a new trial on part of the issues, there can be no question. (Code Civ. Proc., §§ 657, 662.) Indeed, such authority is not disputed. Whether the court has abused its discretion, however, in such circumstances, invariably presents an important question.

In ruling on the motion for a new trial the trial judge made the following statement: "The court is of the opinion that the evidence was overwhelming; that defendant's negligence was the sole and proximate cause of plaintiff's injuries; and that there was no excuse for the defendant to strike the plaintiff, who was admittedly in a marked crosswalk. It, therefore, follows that in view of plaintiff's serious injuries that the verdict was inadequate. . . ."

It is at once evident that if the amount of the award is any indication of the jury's opinion on the question of liability, such opinion, and the expressed opinion of the court are irreconcilable.

That the trial court has a wide discretion in the determination of matters pertaining to the granting or denial of a motion for a new trial is not disputed. And in that connection it is well settled that alleged abuse of discretion is not sustained by a record that at most reveals a mere conflict in the evidence. The foregoing rules are too well settled to require the citation of authority. It is equally true that many orders denying new trials and judgments as well, have been reversed by appellate tribunals when and where the record reveals the award to have been so disproportionate to the injuries suffered as to amount to a miscarriage of justice. Generally, the reversal requires a retrial on all issues and hence the authorities involving the question here presented are not so numerous. It has been declared, however, that where the plaintiff has requested a new trial on the issue of damages alone the question of limiting a new trial to that issue is a "very serious one." A limited new trial should not be granted, where substantial justice requires that a new trial, if granted at all, should cover all the issues. (*Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845]); (*Bencich* v. *Market St. Railway Co.*, 20 Cal. App. (2d) 518 [67 P. (2d) 398].) In *Wallace* v. *Miller*, 26 Cal. App. (2d) 55 [78 P. (2d) 745], the identical point was presented that is raised in the within appeal. Following a consideration of the general rules applicable to the exercise of the court's discretion in such matters, the court declared that: "Another situation is presented when it affirmatively appears from the record that nine of the jurors could not have agreed that the defendant was guilty of negligence which proximately caused the accident; that those jurors who conscientiously believed that

defendant was not negligent departed from their beliefs while they entertained them and agreed to bring in a verdict for the plaintiff in a small and inadequate amount merely for the purpose of closing the case. Under such circumstances, the primarily important question, namely the negligence of defendant, was not determined by the jury. It has been held that under such circumstances the trial judge should grant a new trial on all issues and that his failure to do so is an arbitrary refusal to exercise a reasonable discretion. . . .

"This question was before the court in the case of *Bencich* v. *Market St. Ry. Co., (supra).* . . . In disposing of this issue the court said:

". . . 'The verdict of the jury which found, in effect, that defendants were guilty of negligence and that plaintiff was free from contributory negligence and yet allowed damages which were grossly inadequate, furnishes convincing proof as said in the Donnatin case, *supra,* page 11, "That in order to reach an agreement, the verdict was the result of . . . two opposing factions of the jury. . . ." . . . It may well be that the jury did not believe there was any contributory negligence upon the part of the plaintiff, but some jurors might also have believed, under the evidence, that the driver of the apparatus was negligent, . . . and in this mistaken belief they might have surrendered their convictions as to the amount of damages they should award. . . . In view of this uncertainty and the fact that clearly something other than the evidence on the question of damages must have actuated the jury, or some of them in arriving at such a low verdict, substantial justice requires that (as said in the Donnatin case, *supra,* p. 11), ". . . what is a just compensation the plaintiff should receive, if he is entitled to recover at all, can best be determined by trying the whole case before one judge and one jury instead of 'splitting it up' between different judges and different juries" . . .'

"When we apply the rules which have heretofore been announced to the facts before us the conclusion is inevitable that nine jurors did not agree on the most important questions of defendant's negligence and its proximate cause of the collision. There is no other explanation for the inadequate verdict, unjust to plaintiff, had there been an agreement on defendant's liability."

It was held in effect, in the Wallace case, that the verdict obviously was a compromise verdict; and that such a verdict

in such circumstances necessarily left undetermined the liability of defendant. The same situation is revealed by the record in the within appeal that existed in the Wallace case, *supra*. In the instant case the jury allowed only $291.23 for general damages and additional surgery with its accompanying hospital expenses.

The logical test, for the determination of such a question would appear to be that, if a second trial, limited to one issue, might be prejudicial to either party, then obviously, to order such a retrial would be an abuse of discretion. And any doubt in that connection should be resolved in favor of a trial on all issues.

The evidence, in addition to the testimony of plaintiff and defendant, as to the issue of liability briefly is as follows: The plaintiff, Keogh, was crossing Long Beach Boulevard within a marked pedestrian crosswalk on the south side of Plymouth. There were no witnesses to this accident produced at the time of trial except the plaintiff Keogh and the defendant Maulding. The version of the parties differs markedly. Plaintiff alleges that he was crossing from the west to the east side of Long Beach Boulevard; that he was perfectly sober; that he saw the automobile approaching from the south at all times prior to the time of the accident. On the other hand, the defendant claims that Keogh was crossing from the east to the west; that he stepped out from the shadow of a parked car which blocked Maulding's vision, at a time when Maulding was 8 or 10 feet from the crosswalk, and that the pedestrian took two or three steps into the right front fender of Maulding's automobile. The defendant claimed and offered proof that at the time of the accident Keogh was intoxicated. The defendant called two attending physicians and one eyewitness upon this important issue of intoxication, and the plaintiff in rebuttal called three witnesses. The peace officer who arrived on the scene shortly after the accident was of the opinion and so testified that plaintiff "had been drinking." The doctor on duty in the hospital when plaintiff arrived, following the accident testified that when plaintiff was examined "he was vomiting and he had an odor of alcohol, it was quite distinct"; that in his opinion it was whiskey. Another doctor testified that he was called in to attend plaintiff and that when he first saw him he was lying on the X-ray table; that he was with him for two hours and that in his

opinion he was under the influence of intoxicating liquor. Another witness, a student studying for a teacher's degree and who had studied medicine one semester, arrived at the scene of the accident a few minutes after it had occurred. He testified that he stopped to offer aid; that he noticed plaintiff had a fractured leg; that plaintiff wanted to stand but that he, the witness, wouldn't allow him to do so; that he talked to him; that plaintiff wanted to go home and insisted that he was not injured; that he had a definite odor of alcohol. This witness further testified he remained until the ambulance arrived, probably ten minutes or longer, and that in his opinion plaintiff was under the influence of intoxicating liquor. In rebuttal, Matilda McClure, a pianist at the "Bottoms Up" Cafe, testified that she observed nothing about plaintiff's actions to indicate he was under the influence of intoxicating liquor. It was stipulated that another musician, Matilda Carter, if called as a witness would testify the same. Plaintiff was on his way home from the "Bottoms-Up" Cafe when the accident occurred. Emma Myers testified that she took care of plaintiff after he "returned from surgery," for the rest of the night and at no time did she notice the odor of intoxicating liquor.

The foregoing brief review of the evidence at once suggests that a retrial on the issue of damages alone would be highly prejudicial to the defendant. Hence it follows that the action of the court under the circumstances was an abuse of discretion.

The order granting a new trial as to the single issue of damages is modified to provide a new trial upon all the issues framed by the pleadings and raised by the evidence. As so modified the order is affirmed, and the cause remanded for a new trial.

York, P. J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 6, 1942. Curtis, J., and Carter, J., voted for a hearing.