[Civ. No. 7313. Third Dist. May 29, 1947.]

G. S. TORNELL et al., Respondents, v. MERRILL C. MUNSON, Appellant.

Bronson, Bronson & McKinnon and Harold Ropers for Appellant.

Rowan Hardin and Blewett & Blewett for Respondents.

PEEK, J.—Plaintiffs seek to recover damages from defendants by reason of defendants' alleged negligent operation of their automobile. By their answer defendants denied plaintiffs' claim and affirmatively alleged that the injuries, if any, suffered by plaintiffs resulted from their own negligence. A trial by jury resulted in a verdict for plaintiffs in·the sum of $3,000. Both parties moved for a new trial—the defendants upon substantially all of the statutory grounds—the plaintiffs primarily upon the ground of insufficiency of the damages. The order of the trial court denying defendants' motion and granting plaintiffs' motion upon the sole issue of damages does not appear to be an abuse of discretion under the facts presented by the record.

However, defendants contend that such order granting a new trial on the single issue of damages was an abuse of discretion in that the surrounding facts and circumstances conclusively show as a matter of law that the inadequate verdict was the result of a compromise on the issue of liability. The question of the defendants' liability, it is said, was the only issue contested, and that the plaintiffs' case on this point was very weak. In addition, the compromise character of the award is demonstrated by the fact that the jury after having been out for more than two hours requested further instructions, and after another three and one-half hours returned a unanimous verdict for a sum less than the special damages alleged and proved.

If, as appellant declares, the award is less than the special damages suffered by Mrs. Tornell and none of that amount can be considered as general damages, then upon the rule as stated in *Bencich* v. *Market Street Railway Co.*, 20 Cal.App.2d 518 [67 P.2d 398], the order granting a new trial should

include all of the issues. But if it can be said that the jury awarded some general damages, although inadequate, then the order of the trial court, if otherwise correct, must be sustained.

Appellant states that the special damages suffered were damages to automobile $600, medical expenses $797.98, and loss of earnings to date of trial $6,400, or a total of $7,797.78, and that therefore the award of $3,000 is $4,797.78 less than the special damages. However, if the loss of earnings is not a special damage but to the contrary a general damage then the sum of $1,602.22 (automobile damage and medical expense totaling $1,397.78) would be the portion of the award applicable to general damages. The question thus presented is whether or not such award of general damages is of sufficient substantiality as not to be so tinged with the attributes of compromise as to warrant a retrial on all issues.

If, under the well established law of this state, plaintiffs could recover for Mrs. Tornell's loss of earnings under an allegation of general damages, then whatever plaintiffs may have denominated as special damage, or however they may have set forth in their pleadings the element of loss of earnings, would be wholly immaterial to the question presented. (*Treadwell* v. *Whittier,* 80 Cal. 574 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498]; *Le Jeune* v. *General Petroleum Corp.,* 128 Cal.App. 404 [18 P.2d 429]; *Armstrong* v. *Ford,* 30 Cal.App. 2d 347 [86 P.2d 385]; *Wilcox* v. *Sway,* 69 Cal.App.2d 560 [160 P.2d 154]; *Stoltz* v. *Converse,* 75 Cal.App.2d 909 [172 P.2d 78].)

█ The rationale of the above cited cases insofar as applicable to the question here in issue appears to be that the actual earnings prior to the accident are taken merely as evidence of the extent to which the earning capacity of the individual has been impaired, either totally or partially during the time between the date of the accident and the trial. █ It is not the actual amount of earnings lost which are recoverable as a special damage but the loss of earning capacity. Such evidence presents to the jury a question of fact from which it may find that the earning power was either partially or totally impaired during the period of time in question, and therefore may allow only a part of the amount of earnings lost.

Defendants' statement that the only question contested was that of defendants' liability is inaccurate. Evidence was introduced, consisting of the testimony of Mrs. Tornell's physician under cross-examination, to show that her inability to con-

tinue her music teaching is not due entirely to a disability arising out of the accident but because of an arthritic condition. Therefore the award of the jury could well have been based upon the conclusion that her loss of earnings was not due to the accident exclusively but that the disability from this cause was only temporary or partial.

From this it follows that the verdict in the present case cannot be held to be a compromise as a matter of law as defendants contend inasmuch as all of the actual expenses incurred by plaintiffs were included therein. This is an entirely different situation from those presented in the cases cited and relied upon by appellant. (*Keogh* v. *Maulding*, 52 Cal.App.2d 17 [125 P.2d 858]; *Wallace* v. *Miller*, 26 Cal.App. 2d 55 [78 P.2d 745]; *Bencich* v. *Market Street Railway Co.*, 20 Cal.App.2d 518; *Donnatin* v. *Union Hardware etc. Co.*, 38 Cal.App. 8 [175 P. 26, 177 P. 845].)

Each of those cases were thoroughly discussed in *Hughes* v. *Schwartz*, 51 Cal.App.2d 362 [124 P.2d 886]. No useful purpose would be served by reiterating that discussion here. Suffice it to say that the court in summary stated, at page 367:

"It will be observed that in the Donnatin case the jury, in effect, awarded no damages. The action of the trial court in refusing to grant a limited new trial was affirmed. In the Bencich case the damages awarded were less than the special damages and loss of compensation suffered by plaintiff. The appellate court reversed the court's action in refusing to grant a new trial, but, in the exercise of its discretion, refused to limit the new trial. In the Wallace case the award was less than the amount of special damages."

However, observing that the cited cases undoubtedly imposed a limitation on the discretionary power of the trial court to grant a new trial, the court therein concluded that:

". . . the extent of that limitation is simply that where no award at all is made for general damages the only possible explanation is that the jurors compromised the issue of liability, and it is error to limit the new trial to the issue of damages alone. But where, as in the instant case, a substantial but inadequate award of general damages is made, the question as to whether the new trial should be limited rests within the discretion of the trial judge. The cases hereafter discussed so hold." (Citing cases.)

It appears that the instant case presents a situation more comparable to that disclosed in *Cox* v. *Tyrone Power Enter-*

*prises,* 49 Cal.App.2d 383, 390 [121 P.2d 829]. There the plaintiff was awarded a verdict of $1,250 for injuries, in the treatment of which he had incurred expenses in the sum of $811. There, as in the present case, both parties made similar motions for a new trial and the court granted plaintiff's motion solely upon the issue of damages. In sustaining the order of the trial court the reviewing court held that although the evidence therein supported the conclusion that the damages awarded were inadequate, nevertheless such inadequacy would not justify that court ''in concluding, contrary to the trial judge, that the jury *compromised the question of negligence* by its inadequate award of damages.''

Here, as in the Cox case, *supra,* ''such a conclusion on this record would be more speculative than inferential.''

The trial court had the opportunity to hear the testimony and observe the witnesses, and in the exercise of its sound discretion concluded that the issue of the defendants' liability was clearly established, the only error of judgment on the part of the jury being as to the amount of damages sustained by the plaintiffs.

The order is affirmed.

Thompson, Acting P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied June 28, 1947, and appellant's petition for a hearing by the Supreme Court was denied July 22, 1947. Edmonds, J., and Schauer, J., voted for a hearing.