[Civ. No. 1624.   Fourth Appellate District.—February 3, 1937.]

JOSEPH L. MARSHALL, Respondent, v. CARL KLATT, Appellant.

Head, Wellington & Jacobs for Appellant.

West & McKinney for Respondent.

MARKS, J.—This is an appeal from a judgment awarding plaintiff damages in the sum of $3,043.28, resulting from an automobile accident which happened in the intersection of Tustin and Santa Clara Avenues in Orange County. Defendant has also attempted to appeal from an order denying his motion for new trial. Such order is not appealable. (Sec. 963, Code Civ. Proc.)

Defendant urges two grounds for a reversal of the judgment: (1) That there is no evidence of any negligence on his part and (2) that the evidence shows plaintiff guilty of contributory negligence as a matter of law. As the findings of fact are thus attacked it will be necessary for us to briefly review the evidence. In so doing it is our duty to disregard conflicts in the evidence and accept as true the evidence tending to support the findings and judgment. It is also the rule that all reasonable inferences from the evidence be drawn in support of the findings and judgment.

Tustin Avenue and Santa Clara Avenue are public highways of about equal width in the county of Orange. They intersect each other at right angles, the former running north and south and the latter east and west. Each has a paved strip about sixteen feet wide in its center. The accident happened on the morning of January 3, 1935. The day was clear and the roadways were dry. Boulevard stop signs were erected on Santa Clara Avenue on each side of Tustin Avenue and on that date a white line was painted across Santa Clara Avenue at the east side of the intersection. The intersection was obstructed as defined in section 113 of the California Vehicle Act which was in effect at the time of the accident. Among other obstructions a large avocado tree was planted on the east side of Tustin Avenue about fifty feet south of Santa Clara Avenue. Its branches hung low over the east shoulder of Tustin Avenue.

On the morning of the accident plaintiff was driving an old Buick automobile, transformed into a truck, west on Santa Clara Avenue. He stopped at the east side of the intersection with his front wheels about on the white line we have mentioned. At that point he could only see south on Tustin Avenue a few feet beyond the avocado tree. He stopped between twenty and thirty seconds, shifted into low gear and looked to the north and to the south. Seeing no approaching

vehicles, he proceeded into the intersection at a speed of not more than five miles an hour. When he had proceeded between seven and ten feet the defendant's automobile suddenly appeared in front of him. The right rear side of defendant's car came into contact with the front of plaintiff's Buick. Plaintiff was seriously injured and his car ruined. Plaintiff entered the intersection first.

Defendant testified that he was driving north on Tustin Avenue; that he entered and crossed the intersection at a speed of between twenty and thirty miles per hour; that he did not see plaintiff's car until the moment of impact.

Tire burns on the pavement showed that the front of plaintiff's car had been shoved north about seven feet by the impact. Defendant's car went about one hundred feet north on Tustin Avenue and turned around before it came to rest. Its tires left skidmarks on the pavement about sixty feet long commencing at about the place of impact, which was near or slightly east of the medial line of Tustin Avenue and north of the center line of Santa Clara Avenue.

Both drivers lived near the intersection and were familiar with it.

A witness for defendant who was following him north on Tustin Avenue testified that when this witness was two hundred or more feet south of the intersection he saw plaintiff entering it.

A rule of the road applicable to both drivers is thus set forth in subdivision "a" of section 113 of the California Vehicle Act:

"Any person driving a vehicle on the public highways of this State shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person."

A well-recognized rule of the road is thus set forth in *Brower* v. *Arnstein,* 126 Cal. App. 291 [14 Pac. (2d) 863]:

"It is the settled law of this state that a driver of an automobile is 'bound to anticipate that he may meet persons at any point of the street, and he *must*, in order to avoid a charge of negligence, keep a *proper lookout* for them and keep his machine under such control as will enable him to

avoid a collision with another person using proper care and caution, and *if the situation requires he must slow up and stop'*. (Italics ours.) (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 Pac. 125, 127] ; *Rush* v. *Lagomarsino,* 196 Cal. 308, 317 [237 Pac. 1066].) ''

When we measure the conduct of defendant by these rules it is obvious that the trial court's finding of his negligence must be sustained. He was familiar with the intersection and knew its dangers. A friend of defendant driving north on Tustin Avenue when at least two hundred feet south of the intersection saw plaintiff's car entering it. Defendant did not see this slow-moving vehicle until the moment of impact. It is clear he was not observing the highway in front of him nor was he anticipating the presence of other vehicles at the intersection. He testified that he entered and crossed the intersection at between twenty and thirty miles an hour. While this was not negligence *per se* (*Gritsch* v. *Pickwick Stages System,* 131 Cal. App. 774 [22 Pac. (2d) 554]), it presented the question of negligence as a matter of fact for decision by the trial judge. While there was no testimony of any witness disputing the evidence of defendant as to his speed, there is evidence of the burns on the pavement made by the front tires of plaintiff's car, of the skidmarks made by defendant's car and the distance it traveled after the impact. These were all facts that bore on the speed of defendant and constituted evidence of speed from which the trial judge might have drawn the inference that defendant was traveling much faster than thirty miles an hour.

Under these circumstances the question of the negligence of defendant was one of fact addressed to the trial judge. He having resolved the question against defendant we cannot disturb this finding here.

█ The question of the contributory negligence of plaintiff is much closer. To a stranger to the happening, one neither seeing it nor hearing it described by the witnesses in court, it would seem to be one of. those accidents which are entirely unnecessary and avoidable by the use of ordinary care and caution on the part of either or both drivers. However, under our system of jurisprudence, the question of the contributory negligence of a plaintiff is one which, in the ordinary case of which this seems to be one, is addressed to the sound discretion of the trial judge. He having exercised

that discretion and decided the question, it is seldom that an appellate court can upset his conclusion. The application of the rule may work hardships in isolated cases, but it is firmly established and cannot be overlooked by us.

Subdivision "c" of section 131 of the California Vehicle Act provides as follows:

"The driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard but said driver having so yielded may proceed and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

The question of plaintiff's right of way depends to a considerable extent on defendant's location on Tustin Avenue at the time plaintiff entered the intersection. This would have an important bearing on the question of whether or not defendant was close enough to the intersection to constitute "an immediate hazard" to plaintiff. Here again the speed of defendant has a bearing on the question of the right of way. The faster he was traveling the farther he would have been from the intersection and the more distance he would have had in which to reduce his speed. Here again the tire burns and skidmarks on the pavement and the distance defendant's car traveled after the accident become important because of their bearing on the speed of defendant and his distance from the intersection. These were all facts to be considered and weighed by the trial judge and permitted him to draw the reasonable inference that plaintiff was not contributorily negligent, by concluding that when plaintiff entered the intersection defendant was not approaching the intersection so closely as to constitute "an immediate hazard" and that consequently plaintiff had the right of way.

Further, defendant is presumed to have obeyed the law and to have kept his car under safe control. (Sec. 113, subd. "a", Cal. Vehicle Act.) In the absence of evidence that he was not so driving plaintiff had a right to presume that defendant was obeying the law and did have his car under control when plaintiff entered the intersection. This presumption also has a bearing on the question of the contributory

negligence of plaintiff, and may have been invoked by the trial judge in reaching his final conclusions.

On the facts before us the trial court having found defendant guilty of negligence that proximately caused the accident and having found plaintiff free from contributory negligence those findings are final and conclusive here.

■ There is a patent omission in the findings of fact. (*Hodges* v. *Gonzales*, 5 Cal. App. (2d) 86 [42 Pac. (2d) 359], numbered par. 4.) As no point is made of it by appellant we will pass it as waived by him.

Judgment affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Jennings, J., concurred.