[Civ. No. 4229.   Fourth Dist.   Sept. 3, 1952.]

CORINNE WILSON et al., Respondents, v. JEFFERSON DAVIS RHOADES et al., Appellants.

W. P. Smith, William H. Daubney and Luce, Forward, Kunzel & Scripps for Appellants.

Thomas Whelan and William F. Reed for Respondents.

MUSSELL, J.—This action arose out of an automobile collision which occurred April 11, 1949, at about 8 o'clock p. m. at the intersection of U. S. Highway 101 and 11th Street in Del Mar, San Diego County. The plaintiffs are the widow and six children of decedent Edward Albert Polloreno, who was killed in the collision.

After trial by jury, a verdict was rendered in favor of plaintiffs for the sum of $3,000 and judgment for that amount was entered. Thereafter, the plaintiffs moved for a new trial on the single issue of the measure of damages and the defendants moved for a new trial on all the issues. The court granted plaintiffs' motion ''on the single issue of the measure of damages on the grounds of insufficiency of evidence to sustain the amount of the verdict and upon the inadequacy of the verdict.'' Defendants' motion for a new trial was denied and they have appealed from the judgment and from the order granting plaintiffs' motion for a new trial upon the issue of damages.

The principal question for our determination is whether the trial court abused its discretion in granting a new trial limited to the issue of damages. ▮ The rule controlling the disposition of this question is that ''the granting of a new trial limited to the issue of damages appropriately rests in the discretion of the trial court, but an abuse of that discretion is shown when the record discloses that the issue of liability is close, the damages are inadequate and other

circumstances indicate that the verdict was probably the result of prejudice, sympathy, or compromise or that for some other reason the liability issue has not actually been determined." (*Leipert* v. *Honold,* 39 Cal.2d 462, 466 [247 P.2d 335]; *Rose* v. *Melody Lane,* 39 Cal.2d 481, 487-488 [247 P.2d 335].) Applying the rule announced in these cases to the facts disclosed by the record before us, we conclude that the order granting a limited new trial in the instant action should be reversed.

■ *Evidence of liability.* At the time of the accident, the decedent, Mr. Polloreno, who had been traveling north on U. S. Highway 101, made a left turn to go west on 11th Street, across the highway, and was struck by a southbound automobile operated by the defendant, Jefferson Davis Rhoades. At and near the intersection involved, Highway 101 runs generally north and south, is 70 feet in width and is divided by a center island. Eleventh Street runs generally east and west and is 40 feet in width. The point of impact was established as approximately 24 feet south of the north curb line of 11th Street and 3 feet west of the white line dividing the southbound traffic lanes on Highway 101, and within the intersection. Following the impact the Polloreno truck came to rest on its right side some 30 feet southwest of the point of impact and the defendants' automobile came to a stop approximately 60 feet south of the point of impact in the west lane of the highway.

The defendant, Jefferson Davis Rhoades, testified that he was driving a 1946 Dodge sedan and was accompanied by his wife and 7-year-old son; that after he had passed the Del Mar Hotel, traveling south, he accelerated his speed and was traveling some 30 to 40 miles per hour in the westerly southbound lane of Highway 101; that he had no specific recollection of seeing any northbound vehicles as he approached the 11th Street intersection and when he first saw the truck driven by the decedent, it was half way across the dividing part of the highway, was headed in a westerly direction and was about 40 feet distant; that he did not have time to apply his brakes or turn his car before the accident occurred. Defendant stated to the officers after the accident that he saw the car coming toward him from the opposite direction, but "never dreamed of its turning in front of me and that it happened so quickly I didn't have time to apply the brakes before the collision."

Defendant's wife testified that she could not estimate the speed of the automobile driven by her husband during the block or two before the accident, except that he was not driving very fast; that their 7-year-old son was with them in the back seat; that she saw the Polloreno automobile just before the accident, a second or two before they hit; that it was just to the left of them; that it seemed to her that her husband pulled to the left; that the headlights of their automobile were burning and that her husband had been following several slow moving trucks while approaching Del Mar.

Several witnesses testified in behalf of plaintiffs as to the position of the automobile and truck after the accident and as to what they observed on the ground after the accident occurred. None of these witnesses, however, actually saw the two vehicles collide.

The record shows that there was a brow of a hill some 600 or 700 feet north of the point where the accident occurred; that there were no lights at the intersection and that the accident occurred in a 55-mile per hour zone, which commenced about a block north of the intersection.

Plaintiffs claim that the physical facts indicate that the defendant was traveling at an excessive rate of speed and was negligent in failing to keep a proper lookout. The defendants claim that the physical facts demonstrate that the decedent negligently "cut the corner" and turned squarely into the path of defendants' vehicle. There was, therefore, a sharp conflict in the evidence as to the question of negligence, if any, of the defendant and of the decedent and that the issue of liability of the defendants is close.

*Inadequacy of damages.* The special damages stipulated to in this case were $682.17 for funeral and burial expenses. Since the verdict of the jury was for $3,000, the decedent's family was awarded $2,317.83 for loss of support and companionship of the decedent, who admittedly was earning $5,000 a year as a plasterer and was steadily employed. The decedent was 50 years of age at the time of his death and had a life expectancy of some 21 years. Mrs. Polloreno and four minor children were entirely dependent upon decedent's income for support and there was testimony that it was decedent's habit to give his weekly paycheck to his wife and the entire amount was used for the support of herself and the children, with the exception of a small amount which

Mrs. Polloreno gave to decedent for his personal expenses. Under the circumstances shown, it is quite apparent that the award of $2,317.83 for general damages was grossly inadequate.

Appellants contend that the trial court erred in giving the following instruction to the jury:

"It is the settled law of this state that a driver of an automobile is bound to anticipate that he may meet other *vehicles* at an intersection, and he must, in order to avoid a charge of negligence, keep a proper lookout for other vehicles and keep his machine under such control as will enable him to avoid a collision with another *vehicle* using proper care and caution and if the situation requires, he must slow up and stop." (Italics ours.)

The contention is that the jury was told by the instruction that Mr. Rhoades was guilty of negligence because he was unable to avoid the collision and that it placed an absolute duty upon a driver to anticipate other automobiles and avoid collisions with them regardless of whether the latter were legally or properly driven. Respondents state that this instruction was taken substantially verbatum from *Marshall* v. *Klatt*, 19 Cal.App.2d 110 at 112 [64 P.2d 1105]. However, the word "vehicle" is substituted for the word "person" in the language used in the cited case. As given, the instruction removed from the text the qualification that the other party involved whose presence must be anticipated, be himself using proper care and caution. We are not here deciding that the instruction was prejudicially erroneous. However, where, as here, the record indicates that the verdict of the jury may have been partially based upon sympathy for plaintiffs, the effect of the instruction on the jury may be considered as a circumstance resulting in a compromise verdict.

The ruling of the trial court in granting a limited new trial and the record before us indicates that the general damages awarded were not substantial in view of the undisputed evidence of decedent's earning capacity, his life expectancy and the loss of support and companionship to the members of his family.

In an action such as the instant case a request for a new trial limited to the issue of damages should be considered by a trial court with the utmost caution and any doubts should be resolved in favor of granting a complete new trial. (*Lei-*

*pert* v. *Honold, supra,* 467.) As was said in *Wilke* v. *Crofton,* 34 Cal.2d 304, 310 [209 P.2d 790] :

"The question arises whether the case should be remanded on all issues or on the issue of damages alone. In many instances a retrial of the single issue of damages would meet the requirements of substantial justice (see *Collins* v. *Ramish,* 182 Cal. 360, 368-369 [188 P. 550] ; *Gray* v. *Cotton,* 166 Cal. 130, 139 [134 P. 1145] ; *Persall* v. *Henry,* 153 Cal. 314, 330 [95 P. 154, 159] ; *Paul* v. *Williams,* 64 Cal.App.2d 696, 703 [149 P.2d 284], but where, as here, the evidence as to liability is sharply conflicting and the damages awarded are so grossly inadequate as to indicate a compromise of the issues of liability and damages, the entire case should be reexamined. (See *Keogh* v. *Maulding,* 52 Cal.App.2d 17, 19-22 [125 P.2d 858] ; *Wallace* v. *Miller,* 26 Cal.App.2d 55, 57 [78 P.2d 745] ; *Bencich* v. *Market St. Ry.,* 20 Cal.App.2d 518, 529-530 [67 P.2d 398] ; *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal.App. 8, 10-11 [175 P. 26, 177 P. 845].) "

The judgment and order granting a new trial on the single issue of measure of damages are reversed and a new trial is ordered on all the issues.

Barnard, P. J., and Griffin, J., concurred.