[S. F. No. 8936. In Bank.—December 9, 1921.]

EVA TORR, Appellant, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Respondent.

[1] NEGLIGENCE—PERSONAL INJURIES—DECREASED EARNING CAPACITY —UNSUPPORTED FINDING — INADEQUATE DAMAGES.—In this action for personal injuries, the finding that plaintiff did not lose any amount whatever by reason of the injuries which she would have earned at her profession of teaching if the injuries had not been sustained is held to be unsupported by the evidence, and the judgment is held to be wholly inadequate to compensate the plaintiff for her decreased earning capacity.

[2] ID.—MEASURE OF DAMAGES—ERRONEOUS VIEW OF LAW.—While the trial court has almost unlimited discretion in fixing and determining the damages for pain and suffering and permanent injury, yet where the actual loss of earning capacity exceeds the total award for all cases, it will be concluded that the court acted upon an erroneous view of the law as to the measure of damages.

[3] ID.—INADEQUATE DAMAGES—REVERSAL OF JUDGMENT.—Where it is manifest under the express findings of the court, and the creditable and uncontradicted evidence in explanation thereof, that the allowance of damages is grossly inadequate to compensate for the injury due to decreased earning capacity, the judgment will be reversed.

[4] ID.—APPEAL—REVERSAL OF JUDGMENT.—A judgment in favor of the plaintiff in an action for personal injuries is an entirety, and the appellate court cannot reverse the portion of the judgment fixing the amount and affirm the portion fixing the liability of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

J. J. Dunne for Appellant.

Wm. M. Cannon, Wm. M. Abbott and Kingsley Cannon for Respondent.

WILBUR, J.—The plaintiff having been injured September 23, 1910, by the negligence of the defendant in starting its street-car while she was alighting therefrom, brought this action May 24, 1911, to recover $21,214 for the injuries alleged to have been received by her. The case was tried by the court without a jury on July 2, 1915. Findings of fact were made on December 24, 1915, and judgment was rendered December 27, 1915, in plaintiff's favor for $1,100, $550 of which was for medical services and surgical appliances and $550 for other damages. Plaintiff, being dissatisfied with the amount of the judgment, moved for a new trial, and, upon her motion being denied, March 30, 1916, appealed to this court from the judgment and order denying the new trial.

The court found her injuries to be as follows:

"Her right arm was sprained, her left innominate was displaced; her spine was injured and she sustained a severe

---

3. Inadequacy of verdicts in actions for personal injuries other than death, note, L. R. A. 1915F, 491.

What is excessive verdict in action for personal injuries not resulting in death, notes, Ann. Cas. 1913A, 1361; L. R. A. 1915F, 30.

nervous shock. Said injuries rendered plaintiff sick and caused her to suffer pain and mental suffering. The court finds, that said injuries to said innominate and said spine are permanent in their nature.

"3. That by reason of said injuries plaintiff was obliged to and did employ the services of physicians and surgeons to treat her, thereby incurring an indebtedness and expense in the sum of $325, and expended $106.50, making a total of $431.50, which sum was and is the reasonable value of the services so rendered by said physicians and surgeons in the treatment of said injuries; and was obliged to and did expend the sum of $35 for medicines and liniments, which sum was and is the reasonable value thereof; and was obliged to and did expend the sum of $6 for arch braces for her feet, the further sum of $6.75 for special shoes, and the further sum of $18.00 for corsets, garters and straps, which sums were and are the reasonable value of said articles; and was obliged to and did expend the sum of at least $52.75 for massage treatments in treating said injuries, which sum was and is the reasonable value of the services rendered in giving such massage treatments.

"4. That at and prior to the date of said injuries, plaintiff was a school teacher by profession, and then was, and prior thereto had been earning as said school teacher, a salary in the sum of $120 a month; *that plaintiff did not lose any amount whatever, by reason of said injuries, which she would have earned at her said profession if said injuries had not been sustained.*

"5. That by reason of said injuries, and the pain and suffering endured by plaintiff therefrom, in addition to said sum hereinabove set forth, plaintiff has sustained damages in the sum of $550." (Italics ours.)

The direct and cross-examination of the witnesses who testified with reference to plaintiff's injuries cover over 250 pages of the transcript, and it would, therefore, be impossible to discuss the evidence in detail within the reasonable limits of an opinion. All of these witnesses, with the exception of one physician, Dr. B. F. McElroy, called by the defendant as an expert, testified on behalf of the plaintiff. Dr. B. F. McElroy was one of the physicians and surgeons of the defendant company. He had made no examination of the plaintiff and did not testify with

reference to her condition. His testimony was directed to the proposition that the injuries complained of by the plaintiff might not be the result of the accident, but might result from flat feet caused by her occupation or from other causes. The court, however, found that the injuries to plaintiff's spine and hip were caused by the accident and by the finding that all the expenses for medical attendance incurred by her were the result of the accident evidently disregarded the testimony advanced by this physician to the effect that her difficulties might have been due to other causes.

There is no conflict in the testimony of the plaintiff's witnesses as to the nature and character of the injuries received by her, or as to her condition before and after the injury. All agree that before the accident plaintiff was a high school teacher in normal health and in full physical and mental vigor, with good endurance. That at all times after the accident her face showed signs of suffering, she looked ill, her demeanor changed, and she was often moved to tears over trivial matters and complained constantly of suffering great pain. Her walk and carriage were affected, she dragged one foot slightly, she carried her head twisted to one side and the degree of motion of the spine was considerably limited.

[1] The plaintiff was entitled to recover for her decreased earning capacity due to her injuries. (*Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91, [66 Pac. 72]; *Kline* v. *Santa Barbara etc. Ry. Co.*, 150 Cal. 741, [90 Pac. 125]; *Campbell* v. *Bradbury*, 179 Cal. 364, [176 Pac. 685].) The trial court found that the earning capacity of the plaintiff was $120 a month, but also found "that plaintiff did not lose any amount whatever, by reason of said injuries, *which she would have earned at her said profession if said injuries had not been sustained.*" (Italics ours.) This finding is not supported by the evidence. The plaintiff testified that she was unable to teach school for long periods of time and that she did not teach school because she was unable to do so. Plaintiff contends that her earning capacity was reduced from one thousand two hundred dollars per annum to two hundred dollars per annum, and that during the five years preceding the trial she had actually suffered a loss of five thousand dollars because of her inability to work. For one year immediately before the trial she did not work as a school-

teacher and was unable to do much of anything. She practically earned nothing. It is evident that the plaintiff lost from this source alone much more than was allowed her for all her injuries. The court seems to have been of the opinion that her failure to secure employment was not due to her injuries. While, as we have said, this finding is not sustained by the evidence, if we assume that the fact is as found by the court, that she did not lose any employment in her profession as a teacher because of her injuries, it was still the duty of the defendant to compensate her for her loss of time, and decreased earning capacity. The court found that she was sick as a result of the accident. Plaintiff testified that she was ill for months. At one time she was ill for four months and unable to teach. If this is true she should have been allowed $480 for this loss. She testified that at another time she was in bed for several weeks; that she spent Thanksgiving and Christmas vacation in bed; that from the spring of 1913 to the time of the trial, almost two years, she was unable to teach school and that she had earned almost nothing during that period.

In the face of this testimony the allowance by the court for all her injuries was barely sufficient to pay her for the time lost in going to and from her physician's office, and not enough in all to compensate her for the time lost while she was sick in bed. It is clear that the compensation awarded the plaintiff was wholly inadequate.

We purposely refrain from expressing a conclusion as to the amount due plaintiff because of her decreased earning power, and for her loss of time and employment and her two permanent injuries and the attendant pain and mental anxiety; that is a matter to be determined on a new trial. It is enough for us to say that the judgment is wholly inadequate to compensate plaintiff for the injuries found by the court to have been suffered by her, and established by uncontradicted and overwhelming proof. [2] We have not overlooked the fact that the trial court has almost unlimited discretion in fixing and determining the damages for pain and suffering and permanent injury, but where the actual loss of earning capacity exceeds the total award for all causes, we must conclude that the court acted upon an erroneous view of the law as to the measure of damages. It is not contended that the judge was actuated by passion

or prejudice, but we are not limited to a consideration of results arising from such causes. [3] Where it is manifest that under the express findings of the court, and the creditable and uncontradicted evidence in explanation thereof, that the allowance of damages is grossly inadequate to compensate for the injury due to decreased earning capacity, we will reverse the judgment, just as we would if the trial judge had rendered a judgment for nine hundred dollars on a promissory note of one thousand dollars. The court having determined the legal responsibility of the defendant, and having found the nature and extent of the injuries and the effect of such injuries being disclosed by the uncontradicted evidence upon which the finding is based, we have the simple case of a legal obligation of the defendant established in an amount in excess of that allowed by the trial court to compensate for the loss. [4] The plaintiff asks to have us reverse only that portion of the judgment fixing the amount and affirm that portion fixing the liability of the defendant. This may not be done. The judgment is an entirety and the case should be retried.

Judgment reversed.

Sloane, J., Shurtleff, J., Waste, J., Shaw, C. J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred, except Lawlor, J., who was absent.