[Civ. No. 6947. First Appellate District, Division Two.—October 22, 1929.]

W. H. LAMBERT, Appellant, v. C. M. KAMP, Sr., et al., Respondents.

Robert E. Hatch and Lynch & Morrissey for Appellant.

Daniel W. Burbank and Cyril Appel for Respondents.

LUCAS, J., *pro tem.*—Appellant, who as plaintiff in the court below recovered judgment on a verdict for $300 as damages for the death of a son eight years and eight months old, appeals from said judgment on the sole ground

that the recovery is inadequate. It is contended that since the special damages for hospital, medical and funeral expenses total $235, the balance of the judgment, or $65, as general damages for the deprivation of the society, comfort and protection of the minor is so palpably inadequate as to render the verdict grossly absurd.

Appellant asks that the case be remanded for a new trial on the issue of damages alone, if that be held proper, and if not, then on all of the issues. It is earnestly urged, however, that the issues of negligence on respondents' part and of contributory negligence on the part of appellant were effectually and finally removed from consideration by reason of the jury's verdict for appellant and the implied findings on those issues in his favor.

■ This is not the first time since the rendition of the verdict and the entry of judgment that a request for a new trial has been made. The question of appellant's right to a new trial was passed upon by the lower court, and the propriety of that court's action in refusing a new trial is properly reviewable herein. (Sec. 956, Code Civ. Proc.; *Wilcox* v. *Hardisty*, 177 Cal. 752 [171 Pac. 947]; *Hughes* v. *De Mund*, 195 Cal. 242 [233 Pac. 94].)

The question before this court, therefore, is not whether the judgment is so inadequate as to warrant this court in sending the cause back for a new trial, but, rather, did the trial court err in denying appellant's motion for a new trial.

In his notice of intention to move for a new trial appellant specified all of the grounds permitted by the statute, but since only the amount of the judgment is under attack it will be necessary to refer to but two of them, namely, "excessive damages appearing to have been given under the influence of passion or prejudice," and "insufficiency of the evidence to justify the verdict." ■ The latter ground is really the only one to which serious consideration need be given, for, while a new trial may be granted in the case of excessive damages appearing to have been given under the influence of passion or prejudice, there is no justification in law for disturbing a verdict or finding because of passion or prejudice, of a jury in giving insufficient or inadequate damages. (8 Cal. Jur. 833; *Benjamin* v. *Stewart*, 61 Cal. 605.) On the other hand, it is well

settled that an inadequate recovery may be set aside and a new trial granted on the ground that the evidence does not justify the verdict. (See 8 Cal. Jur. 833, and supporting authorities.)

An examination of the record shows the following facts to be undisputed: On the afternoon the accident occurred Douglas Lambert, appellant's son, and another small boy were riding on and operating vehicles known as "home-made box scooters" and were proceeding in a northerly direction along Third Avenue in San Francisco, California, north of Anza Street. The scooter operated by Douglas Lambert was traveling approximately along the center of the street, and the one used and operated by the other boy was traveling parallel with it between the center of the street and the east curb thereof. At the same time defendant and respondent Carl Kamp, Jr., was driving a Ford truck in the same direction along Third Avenue, in the same block, behind the scooters operated by the two boys. The district was a residential district, and at no time or place was the said respondent exceeding the twenty-mile speed limit. At a considerable distance behind the boys said respondent sounded his horn and continued to sound it until and including the time he attempted to pass the Lambert boy.

In addition to the foregoing undisputed facts, the following facts may fairly be said to have been established by a great preponderance of the evidence: When at a point between twenty and twenty-five feet behind the Lambert boy, Kamp, Jr., turned to the left and attempted to pass, at the same time slowing down to a speed variously estimated to be from ten to fifteen miles per hour. When he reached a point just abreast of the Lambert boy and four or five feet westerly of him, the Lambert boy jumped off his scooter and ran directly across the street and into the right fender of the Ford truck driven by said respondent, receiving the injuries from which he subsequently died. The said Kamp made a quick turn to the left and stopped his truck.

Appellant's sole eye-witness to the accident gave testimony somewhat contradictory of the above, stating among other things, that at the time the Lambert boy jumped off

his scooter and started to run the Ford truck was directly behind him.

Such, in brief, were the facts and the evidence presented to the jury and to the trial judge who heard the case and to whom appellant presented his motion for a new trial.

As to the law, it is well established that insufficiency of the evidence to justify the verdict is a ground for a new trial appealing peculiarly to the discretion of the trial court, and its order either granting or refusing a new trial will not be disturbed on appeal in the absence of a showing of abuse of discretion. (2 Cal. Jur. 908; *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 8 [175 Pac. 26, 27, 177 Pac. 845].)

With the foregoing facts and the above-mentioned rule of law in mind, can it be said that the court abused its discretion in refusing to grant a new trial? We think not.

Appellant's right to recover anything at all from respondents depended primarily upon his being able to prove by a preponderance of the evidence that respondent Carl Kamp, Jr., was guilty of some negligent act or omission proximately causing or contributing to the injury complained of. The amount of damages resulting from the injury is a secondary matter and need not be considered at all unless negligence be proven. Therefore, in considering the merits of a motion for a new trial based upon insufficiency of the evidence, in order to determine whether or not the moving party has just cause to complain of having received too little at the hands of a jury, the trial court should first determine from an examination of the evidence whether the complaining party was entitled to recover anything at all.

If the record is such, and we believe it to be so here, as to justify the trial court in concluding that the party asking for a new trial had totally failed in his primary proof of negligence and was therefore entitled to nothing, clearly there could be no abuse of discretion should the court deny such party a second attempt to recover something to which he was not entitled.

The real aggrieved party in such a case is the party against whom the verdict, even though small, was rendered. If he makes no complaint, certainly the prevailing party cannot be heard to complain.

As was said by Mr. Justice Shaw in the case of *Donnatin* v. *Union Hardware & Metal Co., supra:* "Every intendment must be indulged in support of the ruling made by the trial court. If in its opinion the evidence, considered as a whole, was of a character to clearly establish the fact that defendant was not guilty of negligence, and hence not liable for any damage (and in the absence from the record of all evidence touching the question of defendant's negligence, we must so assume), then it constituted no abuse of discretion for the court to deny plaintiff's motion for a new trial, made upon the ground of inadequacy of the amount awarded."

That was a case where the jury rendered a verdict of one dollar for the plaintiff in a personal injury suit and judgment was entered accordingly. Plaintiff moved to vacate that part of the verdict only wherein the jury fixed the amount of damage at one dollar, and asked for a new trial on the issue of damages alone. For that reason the evidence on the question of negligence was omitted from the record. The motion was denied, and on appeal the action of the trial court was upheld. Here all of the evidence touching upon appellant's negligence is before the court, and since we feel from an examination thereof, as heretofore pointed out, that the evidence was such as to warrant the trial court in holding respondent Kamp, Jr., free from negligence, it constituted no abuse of discretion for the court to deny the motion for a new trial. The motion for a new trial being properly denied, the question of the right to a new trial on one issue alone becomes immaterial.

Judgment affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 21, 1929.