[Civ. No. 11600. Second Appellate District, Division Two.—December 13, 1937.]

SAMUEL L. BELKNAP et al., Plaintiffs and Appellants, v. FRED FREDRICK SCHILLING, Defendant and Appellant.

Alfred E. Dennis for Plaintiffs and Appellants.

Haight, Trippet & Syvertson, Raymond L. Haight and Lyle C. Newcomer, Jr., for Defendant and Appellant.

CRAIL, P. J.—These are two appeals by the respective parties from the orders of the court granting motions for new trial as to their respective causes of action aga...t the other.

Samuel L. Belknap and wife brought an action against Fred Schilling. Defendant Schilling filed a cross-complaint against the plaintiffs and also brought into the case Samuel L. Belknap, Jr., who in turn filed a cross-complaint against Mr. Schilling. All three actions are for damages arising out of an automobile collision which occurred at the intersection of Atlantic and Whittier Boulevards in Los Angeles County. The Belknaps were going north on Atlantic. Mr. Schilling was going west on Whittier. The intersection was a business corner on which the traffic was regulated by green, yellow and red lights. There is considerable conflict in the evidence as to the rate of speed of the cars, and each party claimed that he was in line with the green lights. Each party admitted

that he did not see the other after starting into the intersection until just before the collision.

The issues were tried before a jury. They jury returned a verdict in favor of Samuel L. Belknap and his wife for medical bills and the car bill and found against the plaintiffs and against the cross-complainants on all other matters. Thereafter the court granted the motions of the respective parties for new trial on the ground of the insufficiency of the evidence to justify the verdicts. The respective parties appeal from these orders granting new trials contending that the evidence shows that the opposite party was guilty of negligence as a matter of law. Defendant Schilling also appeals from the order denying his motion for a nonsuit at the close of the plaintiff's testimony made upon the same ground.

This court has read the evidence and is satisfied that it cannot say on appeal that either of the parties was guilty of negligence or contributory negligence as a matter of law. Under the evidence the question of negligence of the respective parties is for the jury to determine under all the facts and circumstances in evidence bearing upon the question.

Defendant next contends that the damages awarded .plaintiffs on each verdict were more than adequate, and that therefore the court abused its discretion in setting aside the judgments. " . . . it is well settled that an inadequate recovery may be set aside and a new trial granted on the ground that the evidence does not justify the verdict." (*Lambert* v. *Kamp,* 101 Cal. App. 388 [281 Pac. 690] ; *Bencich* v. *Market Street Ry. Co.,* 20 Cal. App. (2d) 518 [67 Pac. (2d) 398].) It is also well settled that insufficiency of the evidence to justify a verdict is a ground for a new trial which is peculiarly within the discretion of the trial court and its order granting a new trial will not be disturbed on appeal unless it appears that there was a manifest abuse of discretion. (*Prout* v. *Perkins,* 21 Cal. App. (2d) 343 [69 Pac. (2d) 194].) There is no showing that the trial court abused its discretion.

Finally, the defendant contends that Samuel L. Belknap, Jr., could have avoided striking the car of appellant and that the jury was fully warranted in believing Mr. Belknap, Jr., was contributorily negligent in the manner in which he proceeded across the intersection in question, and that under the circumstances it was an abuse of discretion

for the court to grant him a new trial. We see no abuse of discretion by the court in granting this order.

The orders are affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1938.