[Civ. No. 12350. Second Appellate District, Division Two.—December 29, 1939.]

RUTH WINTERS, Appellant, v. S. YAMAGUCHI et al., Respondents. BESSIE L. DAY, Appellant, v. S. YAMAGUCHI et al., Respondents.

Alfred E. Cate and Bernard G. Brennan for Appellants.

Cushman & Harbert and Robert A. Cushman for Respondents.

WOOD, J.—Bessie L. Day and Ruth Winters were on July 8, 1938, riding in an automobile being driven by Vala Dotson on Normandie Avenue in the city of Los Angeles. Their car collided with a truck operated by defendants and in the collision they were injured. They commenced actions against defendants to recover damages for the injuries and the actions were consolidated for trial. Defendants filed answers denying negligence and alleging contributory negligence on the part of plaintiffs. A jury returned verdicts in favor of plaintiff Day in the sum of $1500 and in favor of plaintiff Winters in the sum of $249.50. Plaintiff Day has appealed ''from that portion of the judgment . . . in so far as said judgment allows judgment only in the sum of $1500, and from no other part of said judgment''. A similar notice of appeal was filed by plaintiff Winters. The bill of exceptions contains a statement of the evidence on the subject of the extent of the damages suffered by plaintiffs but it does not contain the evidence on the subject of the alleged negligence of defendants. The bill of exceptions sets forth that plaintiffs ''regularly moved that the verdict be set aside and arguing among other things that a new trial be granted on the question of damages, on the ground that the evidence is insufficient to justify the verdict . . . ''.

Plaintiff Day was severely injured in the collision. The evidence shows without contradition that she suffered a frac-

ture of the right clavicle and a multiple fracture of the pelvis, that she was compelled to be in a hospital for two weeks and was then removed to her home where she was confined to her bed for over six weeks during which time she was encased in a plaster cast extending from the chest to the knees, causing great pain and suffering. She testified that up to the time of the trial, March 13, 1939, she had been unable to return to her work as a seamstress, in which employment she had earned $18 per week. Her physician testified that her pelvis had been fractured in three places and that she would always suffer pain when seated because of a protrusion of the pelvic bone caused by an offset knitting of the bone and that she would always limp because of the injury. Plaintiff Day presented evidence that she had been compelled to expend or been obligated to expend the sum of $1561 because of the injuries. Defendants presented the witness Dr. F. E. Brown, who testified that when he examined plaintiff on February 9, 1939, he found that she had recovered and that she could walk in a normal manner and that the normal period of recovery was about three months. He also testified that plaintiff's physician had charged an improper fee for his visits. According to defendants' expert testimony, if the jury credited such witness, the fees for medical services might have been considered by the jury to be excessive to the extent of $200. If the jury had discredited the testimony of plaintiff as to the length of time during which she was unable to work and had acted upon the testimony of Dr. Brown that the normal period of recovery was three months, nevertheless the evidence shows without contradiction that plaintiff's special damages amounted to the sum of at least $900. Considering the nature of plaintiff's injuries it is difficult to believe that the jury could have reached the conclusion that the sum of $1561 was an unreasonable expenditure. It is also difficult to believe that the jury could have concluded that plaintiff had permanently and fully recovered and that she would not endure any further suffering because of the injuries. Regardless of these considerations, it is manifest that the award of the jury did little more, if anything, than compensate plaintiff for her special damages. It is a matter of common knowledge that multiple fractures of the pelvis are not to be lightly considered. Such injuries call for substantial general damages. We agree with the

contention of plaintiff that the sum awarded is grossly inadequate.

Plaintiff Winters was rendered unconscious by the collision. She suffered bruises on her head, nose, arm, chest and hip and was compelled to remain in bed for three and one-half weeks. She proved that she had expended or had been obligated to expend the sum of $249.45 for hospital and medical expenses. Her proof on the subject of special damages was not contradicted by defendants. Although her injuries were less serious than the injuries of plaintiff Day, nevertheless the verdict in her favor for $249.50 must be considered as grossly inadequate.

█ Regardless of our view that the evidence on the subject of the extent of the injuries suffered leads to the conclusion that the amount awarded is inadequate, the record before us is such that the order of the trial court denying the motions for a new trial must be affirmed. The action is governed by the decision in *Donnatin* v. *Union Hardware & Metal Co.,* 38 Cal. App. 8 [175 Pac. 26, 177 Pac. 845], where a jury returned a verdict in favor of the plaintiff and awarded him the sum of $1. In that case, as in the case before us, the statement of the evidence settled by the trial court contained the "evidence touching the issue as to damage *only,* omitting therefrom evidence as to other issues". The reviewing court held that the amount awarded "was so grossly absurd" that it furnished convincing proof that the jury returned a compromise verdict. In affirming an order denying the plaintiff's motion for a new trial the reviewing court said: "Every intendment must be indulged in support of the ruling made by the trial court. If in its opinion the evidence, considered as a whole, was of a character to clearly establish the fact that defendant was not guilty of negligence, and hence not liable for any damage (and in the absence from the record of all evidence touching the question of defendant's negligence, we must so assume), then it constituted no abuse of discretion for the court to deny plaintiff's motion for a new trial, made upon the ground of inadequacy of the amount awarded." We perceive no substantial difference between the Donnatin case and the case now under review. In both cases the amount awarded was grossly inadequate and in both cases the record failed to contain the evidence touching the question of defendants' negligence.

The ruling in the Donnatin case has been approved in *Lambert* v. *Kamp,* 101 Cal. App. 388 [281 Pac. 690], where the verdict was for $300, damages for the death of a child of the age of eight years, the special damages amounting to $235. In that case the evidence on the subject of the negligence of defendant was before the reviewing court. The Donnatin case was also approved in *Mosekian* v. *Ginsberg,* 122 Cal. App. 774 [10 Pac. (2d) 525], where the jury found for the plaintiffs but allowed no damages whatever. The evidence on the subject of the negligence in that case also was before the reviewing court. In both the Lambert and the Mosekian cases the court made the same quotation from the Donnatin case which we have above set forth. In each case it was pointed out that the real issue to be determined was whether the trial court had abused its discretion in denying the motion for a new trial. In passing upon such motion the trial court was compelled to determine whether the moving party was entitled to recover any sum whatever and in making such determination it was necessary for the trial court to consider the evidence touching upon the negligence of the defendant. If the trial court was justified in concluding that the party asking for a new trial had failed in his proof of negligence, there could be no abuse of discretion if the trial court should deny such party ''a second attempt to recover something to which he was not entitled''. (*Lambert* v. *Kamp, supra.*) The same quotation from the Donnatin case is also made in *Bencich* v. *Market St. Ry. Co.,* 20 Cal. App. (2d) 518 [67 Pac. (2d) 398], where the verdict was for $5,000 but the special damages proved were so great that the reviewing court in holding the award inadequate said that ''it is patent that at the very most the amount awarded by the jury barely, if at all, repays appellant his special damages''.

Since the record before us does not contain the evidence touching the question of defendants' negligence, we must hold, in line with the cited decisions, that plaintiffs are not in position to ask the court to rule that the trial court abused its discretion in denying the motions for a new trial.

The judgments are affirmed.

Moore, P. J., and McComb, J., concurred.