[Civ. No. 18561.   First Dist., Div. Two.   July 30, 1959.]

WILLIAM H. ADAMS, Appellant, v. PACIFIC MOTOR TRUCKING COMPANY (a Corporation) et al., Respondents.

WARREN E. McCARTHY, Appellant, v. PACIFIC MOTOR TRUCKING COMPANY (a Corporation) et al., Respondents.

Belli, Ashe & Gerry and Jack G. McBride for Appellants.

Boyd, Taylor, Nave & Flageollet for Respondents.

DOOLING, Acting P. J.—Plaintiffs Adams and McCarthy brought separate actions for personal injuries received when, on February 3, 1956, a pickup truck driven by Adams with McCarthy as a passenger was struck in the rear by defendant's vehicle, a three axle diesel tractor.

Defendant admitted liability for injuries, if any, but denied that either appellant suffered damage. The cases were consolidated for trial and the jury returned a verdict in favor of Adams, assessing damages at $1,200. They returned a verdict in favor of defendant and against McCarthy. Plaintiffs' motion for a new trial was denied and they appeal from the judgment.

It is asserted that the trial court abused its discretion in denying the motion for a new trial, and that the judgments were contrary to the evidence.

As to appellant Adams it is asserted that the uncontradicted evidence established that he had suffered a wage loss of $1,200 and that he had incurred medical expenses in the sum of $568.72. McCarthy's testimony as well as that of his doctor is cited concerning his injuries, pain and suffering. Several cases are cited for the proposition that where the damages awarded are clearly inadequate, the failure to grant a new trial constitutes a clear abuse of discretion. (*Bencich* v. *Market Street Ry. Co.*, 20 Cal.App.2d 518 [67 P.2d 398]; *Torr* v. *United Railroads*, 187 Cal. 505 [202 P. 671]; *Phillips* v. *Lyon*, 109 Cal.App. 264 [292 P. 711]; *Donnatin* v. *Union Hardware & M. Co.*, 38 Cal.App. 8 [175 P. 26, 177 P. 845].)

As stated in *Gersick* v. *Shilling*, 97 Cal.App.2d 641, at page 645 [218 P.2d 583]: "The principles applicable to such an appeal are well settled. The question as to the amount of damages is a question of fact. In the first instance, it is for the jury to fix the amount of damages, and secondly, for the trial judge, on a motion for a new trial, to pass on the question of adequacy. Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion

of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility. Normally, the appellate court has no power to interfere except when the facts before it suggest passion, prejudice or corruption upon the part of the jury, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law. In determining whether there has been an abuse of discretion, the facts on the issue of damage most favorable to the respondent must be considered.''

██ The evidence shows that Adams went to the emergency hospital immediately after the accident on February 3, 1956, Friday. He received no treatment. His back and his right shoulder bothered him but he worked all day the following Monday. He reported to the company hospital on Tuesday, his day off, but could not recall whether he received treatment. On Thursday he consulted a physician and he was hospitalized the same day. The doctor who examined Adams found no objective manifestation of injury, but he discovered a preexisting low grade arthritis in the patient's back and neck. A medical history obtained from Adams by the doctor indicated that Adams had received treatment from a chiropractor prior to the accident for some type of difficulty with his back and shoulders. Adams was hospitalized for 16 days but only 9 of those days could be in any way attributed to either the accident or the arthritic condition, the balance of the treatment being for a bacterial infection unconnected with the accident.

Since there was no objective manifestation of Adams' injury and there was evidence of a preexisting arthritic condition and of preexisting back and shoulder complaints the jury could have reasonably concluded that portions of the claimed wage loss were not attributable to the accident.

██ The evidence as to McCarthy's injuries indicates that he was taken to the emergency hospital immediately after the accident but he received no treatment. He lost no time from work and, although he visited the yard hospital about a week later, he did not consult a doctor until approximately a month after the accident. His complaints were completely subjective and his physician felt that he was fully recovered from these subjective symptoms by November 19, 1956. His medical expenses amounted to $70.25.

The jury in determining whether McCarthy suffered any injury from the collision could take into account that he was

able to do his work at all times, that he waited for a month before he consulted a physician and that there was no objective evidence of the injuries which he claimed to have received. We cannot say that on these facts the conclusion that McCarthy suffered no compensable injury was not a reasonable one for the jury to reach.

Additionally, the trial judge, who saw and heard the witnesses as well as the jury, denied appellants' motion for new trial. Her conclusion that the evidence supported the verdicts adds the weight of her judgment to the findings of the jury. (*Wood* v. *Davenport,* 127 Cal.App.2d 247, 252 [273 P.2d 564].)

Judgments affirmed.

Draper, J., concurred.