[Civ. No. 19847. First Dist., Div. Three. Feb. 21, 1962.]

JANET PATRICIA ROSS, a Minor, etc., Plaintiff and Appellant, v. NOLE JULE PREVOST, Defendant and Respondent.

David A. Dolgin and Condon, Dolgin and Page for Plaintiff and Appellant.

Joseph F. Rankin and Richard G. Logan for Defendant and Respondent.

DEVINE, J.—Plaintiff, a minor who prosecuted the action by her guardian *ad litem*, was awarded a verdict in the sum of $400 on her complaint for personal injuries and expenses, and she appeals on the ground of inadequacy of damages. The trial court denied a motion for new trial, which was made on the same ground.

Plaintiff was injured while she was riding in defendant's automobile, which overturned. Her action is based on alleged

intoxication and wilful misconduct, if she were found to be a guest, and negligence if she were found to be an involuntary passenger because of inability on her part to return home except by riding with defendant, who had taken her, together with his own family, on a picnic. There is ample evidence to support a verdict for plaintiff.

Special damages are claimed by appellant to have been established at $364.25, leaving but $35.75 as compensation for her injuries. Respondent contends that special damages could have been found by the jury to have been $192.26, leaving $207.74 as restitution for injuries.

■ Plaintiff's injuries are described below, but for the purpose of examining the items of expense, it may be said at this point that the injuries consisted of a fractured clavicle, a lump on the forehead, a scar on the knee and various abrasions. Plaintiff's family belonged to a Kaiser Hospital Plan, and her father brought her to a hospital in Walnut Creek immediately after the accident. The physician who treated her was not produced as a witness, but the hospital records were admitted in evidence, and these show that X-rays were taken, the fracture was reduced and a figure-eight bandage was applied to immobilize it, the abrasions were cleaned and a tetanus injection was given, all for a bill of $76.25, which was a billing on a private patient basis. The physician asked Mr. Ross if he wished a specialist, and Mr. Ross, although he knew Kaiser had specialists on its staff, replied that he would call his own specialist. He testified that he was not satisfied with the ''way they put the cast on her arm at Kaiser,'' but the specialist engaged by him did not testify that there was anything wrong with what had been done, and, indeed, testified it was a usual type of dressing, mainly with children. The orthopedic specialist found the alignment good, but decided that a figure-eight with plaster applied over it should be employed for alleviation of pain, and to prevent deformity in the shape of a collarbone lump, a procedure sometimes necessary with an older or larger child, and this remained for a few weeks.

Plaintiff complained of a tender lump over the frontal bone of her skull, and X-rays were taken at a cost of $37.50, but there was no fracture, and no treatment was given for head injury. In fact, there is no testimony directly to the effect that these X-rays were necessary.

There were several more visits to the orthopedist and more X-rays, but recovery from the injury was uneventful.

All in all, the jury may have concluded that adequate treatment was being rendered and would be rendered by the Kaiser physicians, including a specialist on the Kaiser staff, and that the jury measured reasonable charges by some comparison with the $76.25 bill that had been rendered on a private patient basis. More specifically, the jury reasonably may have deducted the cost of reports to the attorney of $35, the skull X-rays of $37.50, a physical examination fee of $50, X-rays just prior to trial and a few of the eight $10 fees for visits to the doctor. We cannot tell exactly how much was regarded by the jury as award for injuries, but it may have been about $200.

Turning, then, to the injuries, we find the following: the scar on plaintiff's knee may not be permanent (there was no testimony on the subject), may be very small or inconspicuous (there is no description), and was caused by a laceration for which there were no sutures. The fractured clavicle was entirely healed, save for some numbness over the site, not more than three months after the accident. No functional disability occurred. No cosmetic defect resulted.

We cannot say that the award of about $200, although low, was the result of passion or prejudice or is insufficient as a matter of law, which we would have to find if the judgment were to be reversed. (*Adams* v. *Pacific Motor Trucking Co.*, 172 Cal.App.2d 505, 506-507 [342 P.2d 351].)

■■ Appellant stresses two observations made by the trial judge in his memorandum which accompanied the order denying the motion for new trial. The first is the remark that a defendant's verdict would have been supported and that if the jury returned a compromise verdict, plaintiff cannot complain, the judge citing *Winters* v. *Yamaguchi*, 36 Cal.App.2d 328, 332 [97 P.2d 833], for that proposition. The *Winters* case does not so hold, but holds only that a judgment cannot be reversed on the ground of inadequate damages where the appellate court is not supplied with the evidence on the issue of liability, because it may be that plaintiff was not entitled to any judgment at all, and that the one he complains of as inadequate actually was an unearned benefit. However, the judge in his memorandum went on to say that the verdict finds support in the evidence, besides pointing out the possibilities mentioned above relating to the jury's consideration of special damages.

The second part of the memorandum to which appellant refers is language in which the judge announces that he will

award costs to plaintiff. In this announcement there is a statement from which it might be inferred that the court would have sustained a judgment of $3,000 or more, or, on the other hand, merely that the plaintiff was justified in commencing his action in the superior court.

In any case, the reasons given may not be used to impeach the order. (*Yarrow* v. *State of California,* 53 Cal.2d 427, 437-438 [2 Cal.Rptr. 137, 348 P.2d 687].)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.