[Civ. No. 22658.   First Dist., Div. Three.   May 26, 1966.]

EARL DIEMER, Plaintiff and Appellant, v. ERIC F. ANDERSON, INC., Defendant and Respondent.

Naphan & Arne and Courtland D. Arne for Plaintiff and Appellant.

Russ & Benson and Wilbur J. Russ for Defendant and Respondent.

DEVINE, J.—Plaintiff, Earl Diemer, appeals from a judgment in his favor in amount one dollar, on the ground of inadequacy of damages. He was injured in a fall while he was working for Harold A. Price & Company, Inc., who was a subcontractor for waterproofing a building which was being constructed by respondent, Eric F. Anderson, Inc., the general contractor. Following the judgment rendered on the jury's verdict for one dollar damages, appellant moved for a new trial. The judge, in denying the motion, said that "from a thorough review, study and consideration of all of the evidence, the Court concludes that if the jury's verdict herein were for any substantial amount in favor of the plaintiff it would be the duty of the Court, sitting as a thirteenth juror, to grant a new trial on the ground of the insufficiency of the evidence; the preponderance of the evidence shows contributory negligence of the plaintiff personally. Because of that conclusion it would serve no useful purpose to grant plaintiff's present motion; the motion for a new trial is denied." Appellant contends that the award of damages is inadequate as a matter of law and that, therefore, the judgment is not supported by the evidence.

### Facts of the Accident

Appellant, Price's foreman for waterproofing and cement work on the building, was engaged in sealing the joints between the building and a ledge. Although he had access to scaffolds and ladders (the ladders were in fact on his truck at the job site), appellant elected not to use these implements in performing the work. The method he determined to use was to balance himself, squatting on one foot at the edge of the roof and one foot on the 6-inch wide ledge 1 foot below the roof. He would place his bucket of material on the edge of the roof and reach down with his hand tool to place the material in the ledge joint. When he had completed an area as far as he could reach, he would move his bucket and push himself backwards several feet along the roof edge by exerting pressure with his

legs. In making this maneuver, he would have to lift his body completely off the roof edge and rely chiefly on leg balance.

About 2 feet back from the edge of the roof, respondent had constructed a wooden railing around a stairwell. Prior to the accident, Diemer had worked his way around the walls four times, installing material in the joint, and had passed the stairwell guard railing each time without touching it. At the time of the accident, Diemer was working his way backward and had reached a point approximately opposite the middle of the railing. He had installed the material in the joint as far as he could reach and was pushing himself backwards and upwards with his legs. The pressure of his leg lifted his buttocks off the foot which was on the roof edge. He weighed about 230 pounds. He moved some distance, reached up, grabbed the horizontal railing around the opening and pulled it. He denied having lost his balance and said he did not know just why he placed his hand on the railing. The force exerted caused both rear two-by-fours to break. The entire railing fell over the edge of the building. Appellant fell to the first floor and landed feet first but he was able to climb a ladder back to the roof level. Appellant, under cross-examination, testified that the use of a ladder in his work would have been more dangerous than the method he did employ. He was asked whether it would be more dangerous to use a scaffold than his system, and he replied that it was according to the kind of scaffold; and further questioned, he said that Price had good scaffolds.

There was a conflict of evidence as to alleged negligence of respondent in construction of the guard rail. Whether it complied with safety orders of the Industrial Accident Commission was a subject of dispute. Apparently the jury found that there was negligence on the part of respondent. The trial judge certainly found so because in deciding the cross-complaint by respondent against Price, based on written contract of indemnity (jury having been waived as to this part of the case), the judge found that indemnity was precluded by active negligence on the part of respondent. He found that the guardrail failed to meet the minimum standards of safety of the Industrial Accident Commission. At this time he reiterated his conclusion that appellant himself had been negligent.

### The Damages

Although the one dollar award is patently incorrect, it is to be observed that the damages suffered by appellant

because of the accident were unsatisfactorily shown to the jury. It was stipulated before the jury that the compensation carrier for appellant's employer had paid $4,850 and that this amount would be a lien on any judgment. Appellant is correct in saying that technically the verdict should have been in amount $4,850, even if no additional damages had been shown. But this is really of no concern to appellant. If he had received a verdict of $4,850, it would have been taken by the carrier. (Appellant was awarded costs of trial, on stipulation.) The carrier is not a party to this appeal.

No medical expenses were shown above those paid by the carrier. There was proof of loss of wages because appellant had been receiving $170 a week plus some overtime, which was not specified, but he received $70 a week as workman's compensation. Just how long appellant was really disabled from work is not clear, but it would seem to be about 40 weeks, which would show a wage loss of about $4,000. It was also shown that appellant owned two bars and that he was able to give time and effort to these during his lay-off from roofing work. Various amounts of monetary advantage to the bar operation were suggested by cross-examination, but appellant did not have the figures. The burden of proving damages rested on appellant, and the jury was so instructed. The proof as to loss of income is obscure.

As to general damages, there is testimony that the only bony injury was to the fifth metatarsal. There were other injuries, to muscles of the back, but a physician testified that persistence of appellant's condition was brought about in part by emotional factors. This much has been said not by way of stating that the one dollar award is the correct amount. Obviously, regardless of the lien, it is not. We simply observe that the amount of damages is considerably indistinct.

## The Verdict

It is possible that the verdict was intended really to be one for the defendant, although for the plaintiff in its form, "perversely thus expressed," as the irregularity was described in *Rawle* v. *McIlhenny*, 163 Va. 735 [177 S.E. 214, 221]. Such a verdict has sometimes been so regarded. (*Fulmele* v. *Forrest*, 27 Del. 155 [86 A. 733] ; *Fairmount Glass Works* v. *Cub Fork Coal Co.*, 287 U.S. 474 [53 S.Ct. 252, 77 L.Ed. 439] ; *Taylor* v. *Virginia Metal Products Corp.*, 111 F.Supp. 321.) The jury, as suggested by Justice Brandeis in the *Fairmount Glass Works* case, may have wished to tax costs against the defendant. Or they may have wished to prevent costs from being assessed

against the plaintiff. If the jury intended to find for defendant, but did so in an irregular form, its action may be sustained readily. There was conflict throughout on the issues of negligence, contributory negligence and proximate cause.

If, on the other hand, the jury intended to find for plaintiff on all issues relating to liability, it is, of course, difficult to say why they awarded a merely nominal amount. It is possible that they believed that there had been substantial payment for appellant's benefit by the compensation carrier, that he did not prove over-all loss of income, and that, considering the fact that appellant was obese and afflicted with severe kyphosis, he was not particularly injured by having his employment transferred from working on roofs. The jury may have been confused by references to the carrier's lien. But it does seem that the award is not of the same nature as those sometimes made by juries which are, on the one hand, far beyond merely nominal amounts and, on the other, far below the demonstrable damages, and which thereby show themselves to be the result of mere compromise rather than of mistake of form and effect of the verdict.

### The Motion for New Trial

■ It was necessary for appellant, as a condition precedent to urging inadequacy of damages on appeal, to move for a new trial. (*Schmidt* v. *Macco Constr. Co.*, 119 Cal.App.2d 717, 721 [260 P.2d 230] ; *Alexander* v. *McDonald*, 86 Cal.App. 2d 670 [195 P.2d 24].) ■ Inadequacy of damages, unlike excessiveness of damages, is not made a specific ground of motion for new trial. (Code Civ. Proc., § 657.) The point of inadequacy may be raised as an aspect of the recognized ground of insufficiency of the evidence to justify the verdict. (*Bakurjian* v. *Pugh*, 4 Cal.App.2d 450 [41 P.2d 175] ; *Lambert* v. *Kamp*, 101 Cal.App. 388 [281 P. 690].) Therefore, it is the duty of the trial court, in passing on the motion based on alleged insufficiency of the evidence to support the verdict, to examine the whole record to determine from the evidence whether the complaining party was entitled to recover anything at all. (*Bencich* v. *Market Street Ry. Co.*, 20 Cal.App.2d 518, 523-525 [67 P.2d 398] ; *Mosekian* v. *Ginsberg*, 122 Cal. App. 774, 780 [10 P.2d 525] ; *Lambert* v. *Kamp, supra*, p. 393.) This the trial court did. The judge concluded, as we have quoted him above, that if a substantial sum had been awarded, it would have been his duty to grant the motion for new trial on the ground of contributory negligence.

■ Although the order denying motion for new trial is

nonappealable, the order is reviewable on appeal from the judgment. (*Hughes* v. *De Mund,* 195 Cal. 242 [233 P. 94].) Essentially, our duty is to decide whether there was an abuse of discretion in denying the motion for new trial. (*Lambert* v. *Kamp, supra,* 101 Cal.App. p. 390.) ▮ An order granting or denying a motion for new trial must be sustained unless there has been a manifest abuse of discretion. (*Lambert* v. *Kamp, supra,* p. 392; *Mosekian* v. *Ginsberg, supra,* 122 Cal.App. p. 778.) ▮ We find no such abuse. ▮ It is true that the trial court should not deny motion for new trial where inadequacy of damages is demonstrated unless the evidence as a whole is of a character to establish clearly the fact that plaintiff was not entitled to a verdict. (*Bencich* v. *Market St. Ry. Co., supra,* 20 Cal.App.2d p. 523.) In the *Bencich* case, the appellate court could not conclude that the trial court was actuated by belief that the facts did not justify a verdict in favor of plaintiff at all (p. 523). It was argued by respondents even on appeal, in the *Bencich* case, that the damages were not necessarily inadequate (p. 522). ▮ In the case before us, the judge has made it plain that his ruling was based on the evidence as a whole and that he had concluded appellant was barred by contributory negligence. He did so not upon the proposition that there was some evidence, or even substantial evidence, of contributory negligence, but on the ground that there was a preponderance of evidence to that effect, and that he would have to grant a motion for new trial if a substantial award had been made. In order to grant a new trial, the judge should be clearly satisfied that the verdict is wrong. (*Green* v. *Soule,* 145 Cal. 96, 103 [78 P. 337].) We take it that the judge was so satisfied. The evidence of the manner of appellant's doing of the work without the use of the available scaffold (a point argued by respondent's counsel to the jury) was sufficient to justify the judge's conclusion.

Cases cited by appellant which are not to the point are *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651], in which there was the question whether a new trial should be granted on all issues or only that of damages; *Reznick* v. *Hillman-Sidney Auto Sales,* 216 Cal.App.2d 569 [30 Cal.Rptr. 889], and *Thompson* v. *Mattucci,* 223 Cal.App.2d 208 [35 Cal.Rptr. 741], in which there was no doubt that the defendants were liable.

Judgment affirmed. Appeal from order denying motion for new trial dismissed.

Draper, P. J., and Salsman, J., concurred.