Filed 11/3/15  Merino v. Lee CA2/4

# **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| MARGARET MERINO,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>HWA BOK LEE et al.,<br><br>  Defendants and Respondents. | B259620<br>(Los Angeles County<br>Super. Ct. No. LC098923) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Michael B. Harwin, Judge.  Affirmed in part, reversed in part and remanded with directions.

Law Offices of Lee Arter, Lee Arter and Steven M. Karp for Plaintiff and Appellant.

Mark R. Weiner & Associates and Kathryn Albarian for Defendants and Respondents.

Appellant Margaret Merino brought suit against respondents Hwa Bok Lee and Yu K. Kim, seeking compensation for injuries incurred in an automobile accident. The jury awarded $20,000 for noneconomic damages, but nothing for economic damages, although respondents did not dispute that certain medical treatment obtained by appellant was necessary and that the amount billed for this treatment was reasonable. Appellant moved for a new trial or an additur, contending damages were inadequate and the evidence did not justify the verdict within the meaning of Code of Civil Procedure section 657. The trial court denied the motion. Appellant contends the court erred. We conclude that on the record before it the trial court was obliged to conditionally grant a new trial unless respondents agreed to an additur. Accordingly, we affirm the judgment, reverse the order denying the motion for new trial and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2010, appellant's car was struck from behind by a car driven by respondent Hwa Bok Lee. Appellant brought suit against Lee and respondent Yu K. Kim, seeking medical expenses and general damages. She claimed to have suffered injuries to her neck and back. Respondents accepted responsibility for the accident. The case was tried to a jury to determine damages.

According to the testimony at trial, appellant began suffering significant neck and back pain the day after the accident. Approximately two weeks later, she was treated by a chiropractor, Dr. Ramin Lavi. In January 2011, she went to Phillip Lichtenfeld, M.D., for an orthopedic evaluation. At his recommendation, she participated in physical therapy three times a week through June 2011.

In July and August 2011, appellant was seen by orthopedist Stepan Kasimian, M.D., pain management specialist Lawrence Miller, M.D., and an acupuncturist. Dr. Kasimian and Dr. Miller diagnosed lumbar disc facet syndrome

2

(damage to the joints that connect the vertebrae and allow the spine to flex) and recommended a rhizotomy, a surgical procedure in which the affected nerve endings are burned to prevent them from sending pain signals to the brain. The effects of a rhizotomy are temporary, and by the time of trial, appellant had undergone the procedure four times. Appellant testified that she was still in pain at the time of trial, and had trouble sleeping and sitting or standing for long periods.

Dr. Kasimian and Dr. Miller testified at trial. Both expressed the opinion that the treatment appellant received from Dr. Lavi and Dr. Lichtenfeld was appropriate. Dr. Kasimian testified that the charges for the treatment, $530 billed by Dr. Lavi and $5,060 billed by Dr. Lichtenfeld, were reasonable.

The defense medical expert, Jeffrey Korchek, M.D., an orthopedic surgeon, concurred that appellant had sustained injuries in the accident, but he believed the impact caused only strains to the muscles in her neck and back. In his opinion, the treatment appellant received through June 2011, viz., the sessions with a chiropractor followed by a period of physical therapy, was the appropriate treatment for her injuries. Dr. Korchek believed appellant recovered from the injuries caused by the accident within that time frame. He found no abnormality in the facet joints. He observed disc degeneration on scans of her back, but believed it was due to her age, 54 at the time of the accident.

In closing, appellant's counsel argued appellant was entitled to over $80,000 for past medical expenses, and an additional amount for the cost of future rhizotomy procedures. Counsel also asked the jury to award substantial damages for pain and suffering.

Defense counsel stated in closing that respondents "want[ed] to compensate [appellant] for what injuries she did sustain." Counsel described the compensable injuries as the "soft-tissue injuries" that were "treated appropriately with her chiropractic and physical therapy . . . [that] ended in June . . . 2011." Counsel

3

further stated: "We agree that Ms. Merino sustained pain after the accident. We want to compensate her for those six months of pain symptoms that she was undergoing," suggesting an amount of $1,000 per month.

The jury was instructed: "The damages claimed by [appellant] for the harm caused by [respondents] fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately. [¶] The following are the specific items of damages claimed by Plaintiff: [¶] 1. Past and future medical expenses. [¶] To recover damages for past medical expenses, [appellant] must prove the reasonable coast of reasonably necessary medical care that she has received. [¶] To recover damages for future medical expenses, [appellant] must prove the reasonable cost of reasonably necessary medical care that she is reasonably certain to need in the future. [¶] The following are the specific items of noneconomic damages claimed by [appellant]: [¶] 1. Past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress."

The jury was provided a special verdict form. The form first asked: "Was [respondents'] negligence a substantial factor in causing in harm to [appellant]?" The jury responded "yes" to the question. The special verdict form then asked: "What are [appellant's] total damages?" specifying the following categories: "[p]ast economic damages," "[p]ast non-economic damages," "[f]uture economic damages," and "[f]uture non-economic damages." The jury awarded $20,000 for past noneconomic damages, but nothing for past economic damages, future economic damages or future noneconomic damages.

Appellant moved for a new trial or additur on several bases. For purposes of this appeal, the significant ground was the jury's failure to include an award for special damages for the cost of the medical treatments she received in the months

4

following the accident through June 2011, including the $530 billed by Dr. Lavi and the $5,060 billed by Dr. Lichtenfeld. Appellant contended this represented inadequate damages and insufficiency of the evidence to justify the verdict under Code of Civil Procedure section 657, subdivisions (5) and (6). She pointed out that there was no dispute she was injured as a result of the collision and reasonably incurred the cost of the pre-July 2011 medical treatment, thus establishing entitlement to special damages. Respondents contended the motion should be denied because no medical bills were admitted into evidence, and appellant did not testify as to the amount of any medical bills. The trial court denied the motion without explanation. This appeal followed.

## DISCUSSION

Code of Civil Procedure section 657 states that a new trial may be warranted where the damages awarded were inadequate or the evidence insufficient to justify the verdict. Appellant contends the award here was inadequate because the jury, in failing to include any amount for past medical expenses, arbitrarily ignored the uncontradicted expert testimony that the medical treatment provided by Dr. Lavi and Dr. Lichtenfeld was necessary and reasonable. She further contends the trial court abused its discretion in denying the motion for a new trial or additur. We agree.

"[T]estimony which is unimpeached, uncontradicted, unambiguous and entirely probable cannot be arbitrarily disregarded by the trier of fact." (*Williams v. Atchison, T. & S. F. Ry. Co.* (1962) 211 Cal.App.2d 139, 143; accord, *Mantonya v. Bratlie* (1948) 33 Cal.2d 120, 127; *Sweeney v. Pozarelli* (1964) 228 Cal.App.2d 585, 596.) The rule applies to expert testimony, which may be rejected by the trier of fact only if the rejection is not arbitrary. (*Conservatorship of McKeown* (1994) 25 Cal.App.4th 502, 509; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875,

5

890.) Here, appellant's medical experts, Dr. Kasimian and Dr. Miller, expressed the opinion that the treatment appellant received from Dr. Lavi and Dr. Lichtenfeld was medically necessary. The defense medical expert, Dr. Korchek, agreed that appellant had been injured in the collision, and that the treatment provided by Dr. Lavi and Dr. Lichtenfeld in the period following the accident was appropriate. Dr. Kasimian testified that the $5,590 billed for the treatments by Dr. Lavi and Dr. Lichtenfeld was reasonable. Respondents introduced no evidence suggesting otherwise. To the contrary, in closing, defense counsel advised the jury to award these amounts. As appellant clearly demonstrated that the damages awarded were inadequate and that the evidence did not justify the verdict, the trial court abused its discretion in denying appellant's motion for new trial or additur.[1] (See *Diemer v. Eric F. Anderson, Inc*. (1966) 242 Cal.App.2d 503, 508-509 [trial court should not deny motion for new trial where inadequacy of damages is demonstrated unless evidence as a whole establishes clearly that plaintiff not entitled to a verdict].)

Having concluded the zero award for past medical expenses was inadequate and not justified by the evidence, and that the trial court erred in denying appellant's motion, we now address the appropriate remedy. Appellant contends the jury's failure to award any amount for past medical expenses while awarding $20,000 for noneconomic damages is evidence of misconduct or represents an internally inconsistent jury verdict, requiring this court to reverse and remand for a

[1] On appeal, respondents continue to assert that the jury was entitled to disregard the evidence cited above because appellant "did not testify she paid or was obligated to pay for the chiropractic care or physical therapy" and "[n]one of [her] medical bills were admitted into evidence." The amounts billed by Dr. Lavi and Dr. Lichtenfeld were established by Dr. Kasimian's testimony, to which no objection was raised. More importantly, as explained in *Bermudez v. Ciolek* (2015) 237 Cal.App.4th 1311, the measure of damages for uninsured plaintiffs who have not paid their bills is the reasonable value of the medical services provided. (*Id*. at pp. 1330-1331.) The reasonable value of the medical services may be proven, as it was here, by expert testimony. (*Id*. at pp. 1331-1335, 1339.)

new trial. In situations where economic damages are omitted or awarded in a nominal amount, the court may conclude the jury reached a compromise verdict from the fact the evidence on liability was in sharp conflict and the damages awarded grossly inadequate. (See, e.g., *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1346; *Smith v. Moffat* (1977) 73 Cal.App.3d 86, 94.) Here, there was no evidence to support compromise. Liability was undisputed. The amount awarded for general damages was in line with the defense theory that the collision was responsible for approximately six months of medical treatment and discomfort. The amount omitted was a relatively insignificant sum.[2] It follows that the jury's omission can be adequately addressed by Code of Civil Procedure section 662.5, which permits the trial court to issue a conditional order granting a new trial on the basis of inadequate damages unless the defendant "consents to the addition of damages in an amount the court in its independent judgment determines from the evidence to be fair and reasonable."

In short, although we agree the trial court erred in denying appellant's motion for a new trial or additur, we see no need for a new trial. Instead, we reverse the order denying the motion and remand to the trial court to order a new trial conditioned on respondents' consenting to an additur under section 662.5.

---

[2] Appellant also cites a number of cases in which a new trial was required because the type of damages omitted -- pain and suffering or emotional distress -- could not be determined by a court (see, e.g., *Capelouto v. Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 897; *Clifford v. Ruocco* (1952) 39 Cal.2d 327; *Dodson v. J. Pacific, Inc.* (2007) 154 Cal.App.4th 931; *Wilson v. R. D. Werner Co.* (1980) 108 Cal.App.3d 878; *Haskins v. Holmes* (1967) 252 Cal.App.2d 580, 587.) Here, the amount omitted from the award is easily determined from the record.

7

## DISPOSITION

The judgment is affirmed. The order denying the motion for new trial or additur is reversed. The matter is remanded for issuance of a conditional new trial order under Code of Civil Procedure section 662.5. Appellant is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.

8